# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

**TAASERA LICENSING LLC,**

   **Plaintiff,**

 v.

**CHECK POINT SOFTWARE TECHNOLOGIES LTD.,**

   **Defendant.**

**Case No. 2:22-cv-63-JRG-RSP**

## <u>DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT</u>

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II.  OVERVIEW OF ALLEGATIONS ............................................................................... 1

III.  LEGAL STANDARD.................................................................................................... 1

IV.  ARGUMENT ................................................................................................................. 2

    A.  Plaintiff Fails to Adequately Plead Induced Infringement .................................2

        i.  Plaintiff Fails to Allege that Check Point Specifically Intended for
its Customers to Infringe the Asserted Patents ...........................................2

        ii.  Plaintiff Fails to Allege that Check Point Had Pre-Suit Knowledge
of Infringement ...........................................................................................5

V.  CONCLUSION.............................................................................................................. 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................4

*Aguirre v. Powerchute Sports LLC*,
No. 10-cv-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...............................5, 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................1, 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................1

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)................................................................................................5, 6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ........................2, 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)................................................................................................4, 5

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
No. 6:20-cv-318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)....................................4

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020), ECF Nos. 28, 101 ................................5, 6, 7

*In re Seagate Tech. LLC*
497 F.3d 1369 (Fed Cir. 2007)......................................................................................6

*VLSI Tech., LLC v. Intel Corp.*,
No. 1:19-cv-977, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ...........................................5

*VLSI Tech. LLC v. Intel Corp.*,
No. 18-cv-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .......................................5, 6

**Other Authorities**

Fed. R. Civ. P. 8 .......................................................................................................3

Fed. R. Civ. P. 12(b)(6)...............................................................................................1

# I.       INTRODUCTION

On February 25, 2022, Taasera Licensing LLC ("Plaintiff" or "Taasera") filed a Complaint (ECF No. 1) against Check Point Software Technologies Ltd. ("Check Point"), alleging direct and induced infringement of seven patents (the "Asserted Patents")[1] against five Check Point Products (the "Accused Products"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's claims of induced infringement as the allegations are facially deficient.

While Plaintiff purports to allege a theory of induced infringement for each of the seven Asserted Patents, Plaintiff fails to allege a single fact regarding Check Point's purported specific intent to induce infringement. Moreover, Plaintiff fails to allege that Check Point had pre-suit knowledge of the Asserted Patents.

Accordingly, Check Point respectfully requests dismissal of all induced infringement claims for all the Asserted Patents.

# II.       OVERVIEW OF ALLEGATIONS

**Induced infringement**. Allegations relating to induced infringement are in paragraphs: 25, 34–36, 45–47, 60–62, 73–75, 89–91, 104–06, and 118–20.

# III.       LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

---

[1] The Asserted Patents are U.S. Patent Nos. 6,842,796 (the "'796 Patent"); 8,327,441 (the "'441 Patent"); 8,955,038 (the "'038 Patent"); 9,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); and 9,923,918 (the "'918 Patent").

at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.      ARGUMENT

### A.      Plaintiff Fails to Adequately Plead Induced Infringement

"In order to survive a motion to dismiss, the complaint must: 1) adequately plead direct infringement by defendant's customers; 2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citation omitted). Knowledge of infringement alone is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (citation omitted).

As detailed below, Plaintiff fails to adequately plead both the second and third elements, namely, specific intent and knowledge.

### i.      Plaintiff Fails to Allege that Check Point Specifically Intended for its Customers to Infringe the Asserted Patents

The Court should dismiss the induced infringement claims because Plaintiff *does not allege a single fact* supporting any purported specific intent for any of the seven counts of induced infringement. Rather, for each count, Plaintiff relies on the same conclusory allegations. This does not suffice to state a claim for induced infringement. *Core Wireless*, 2015 WL 4910427, at *3. ("It is well-settled that threadbare recitals of elements of a cause of action, supported by mere

conclusory statements, do not suffice.") (internal quotes and citation omitted). For example, in

Count I, Plaintiff alleges:

> 34.    Defendant has and continues to indirectly infringe one or more claims of the '796 Patent by knowingly and intentionally inducing others, including Check Point subsidiaries, customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the '796 Accused Products (*e.g.*, products incorporating the DLP feature).

> 35.    Defendant, with the knowledge that these products, or the use thereof, infringe the '796 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '796 Patent by providing these products to end-users for use in an infringing manner.

> 36.    Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '796 Patent, but while remaining willfully blind to the infringement.

(Compl. ¶¶ 34–36; *see also id.* ¶¶ 45–47, 60–62, 73–75, 89–91, 104–06, 118–20.) These

paragraphs contain legal conclusions—not allegations of fact. Not one fact is alleged to support

Plaintiff's claim that Check Point allegedly specifically intended for its "subsidiaries, customers,

and end-users," *id.*, to infringe Plaintiff's patents, *see Core Wireless*, 2015 WL 4910427, at *4

(dismissing inducement claims where complaint "fail[ed] to allege any facts that establish a

plausible inference that [defendant] had the specific intent to induce its customer's actions.").

In fact, Plaintiff's allegations fall even further below the plausibility threshold than those

found insufficient in *Core Wireless*. There, the plaintiff at least alleged that the defendant

"provide[d] instructive materials and information concerning operation and use of the accused

products." *Id.* Still, those allegations were insufficient because, while "the provision of instructions

by an accused infringer may indicate specific intent to induce infringement . . . failing to allege

any facts identifying, even at a basic level . . . how the instructions direct customers to use those

products in an infringing manner [] falls short of satisfying Rule 8's notice requirement." *Id.* Here, Taasera does not even allege that Check Point provides instructive materials, and even if it did, that would be insufficient "without more." *Id.*

As a substitute for specific intent, Plaintiff also attempts to invoke the doctrine of willful blindness. (*See* Compl. ¶¶ 36, 47, 62, 75, 91, 106, 120 ("Defendant has induced infringement . . . with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe [the patent], but while remaining willfully blind to the infringement.") "A showing of willful blindness requires that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'" *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-318-ADA, 2021 WL 4555802, at *1 (W.D. Tex. Oct. 4, 2021) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)). "A plaintiff who relies on willful blindness to plead knowledge *must identify in its complaint affirmative actions* taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch*, 2021 WL 4555802, at *2 (emphasis added) (citation omitted).

Here, Plaintiff's allegations of willful blindness are wholly insufficient because Plaintiff yet again merely states a legal conclusion without any supporting facts. Indeed, Plaintiff does not plead a single affirmative act by Check Point to avoid gaining knowledge. *See id.* (dismissing induced infringement claims where the complaint "merely recited: 'Defendant has been willfully blind to its infringement [] by, for example, ignoring the patent markings on both [plaintiff's] practicing products and its literature.'"). By pleading *zero* facts, Plaintiff fails even to approach the required showing. *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("Simply repeating the legal conclusion that Defendants induced infringement []

does not plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotes and citation omitted).

Accordingly, the Court should dismiss all claims of induced infringement.

### ii.  Plaintiff Fails to Allege that Check Point Had Pre-Suit Knowledge of Infringement

Indirect infringement requires "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Global-Tech*, 563 U.S. at 765–66 (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement").

However, "the complaint itself cannot serve as the basis for a defendant's actionable knowledge. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. 18-cv-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Accordingly, indirect infringement claims are dismissed when a plaintiff fails to plead pre-suit knowledge. *See, e.g.*, *VLSI Tech., LLC v. Intel Corp.*, No. 1:19-cv-977, 2019 WL 11025759, *1–2 (W.D. Tex. Aug. 6, 2019) (dismissing indirect infringement claims with no allegations of actual knowledge and insufficient facts to support allegations of willful blindness); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020), ECF Nos. 28 (Am. Compl.), 101 (Text Order) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant [] has had knowledge of the '431 Patent since at least the filing of the original complaint" and "[b]y the time of trial, Defendant [] will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement"); *Aguirre v. Powerchute Sports LLC*, No. 10-cv-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent [plaintiff] relies on knowledge of [the] patent after the

lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement")).

Although the Federal Circuit has yet to expressly rule on this issue in the context of inducement, it has done so in the context of *willfulness*. Specifically, a plaintiff may *not* base a willfulness claim on the theory that a defendant learned of the patents-in-suit from the complaint. *See In re Seagate Tech. LLC* 497 F.3d 1369, 1374 (Fed Cir. 2007), *abrogated on other grounds by Halo Elects., Inc. v. Pulse Elecs., Inc.* 579 U.S. 93 (2016). To establish willful infringement, a plaintiff must show the accused infringer acted despite an objectively high likelihood it was infringing and that this risk "was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. In other words, infringement can only be willful if an accused infringer *knew or should have known* that it was infringing. And, according to the Federal Circuit, the complaint cannot supply this knowledge. *Id.* at 1374 ("when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. [] So a willfulness claim asserted in the Original Complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

*Seagate* compels the same conclusion for inducement. Inducement requires "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 639. When filing a complaint, a plaintiff must have a good faith basis for alleging induced infringement. This, of course, requires that the accused infringer either know of, or be willfully blind to, the patents at issue. This is the same situation the Federal Circuit confronted in *Seagate*. And the same conclusion must follow: an induced infringement claim asserted in a complaint "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1374;

*see also VLSI Tech.*, 2019 WL 1349468, at *2; *Parus Holdings*, No. 6:19-cv-432, ECF Nos. 28, 101; *Aguirre*, 2011 WL 2471299, at *3.

Here, Plaintiff's induced infringement claims are insufficient because Plaintiff fails to plead pre-suit knowledge of the Asserted Patents. (Compl. ¶¶ 35, 46, 61, 74, 90, 105, 119.) Rather, Plaintiff alleges knowledge based only "as of the date of th[e] Complaint." (*Id.*) But the "complaint itself cannot serve as the basis for a defendant's actionable knowledge." *VLSI Tech.*, 2019 WL 1349468, at *2; *cf. Seagate*, 497 F.3d at 1374. Because Plaintiff fails to adequately plead pre-suit knowledge, its induced infringement claims should also be dismissed for this separate reason. *See Parus Holdings*, No. 6:19-cv-432, ECF Nos. 28, 101; *Aguirre*, 2011 WL 2471299, at *3.

Thus, the Court should dismiss all claims of induced infringement.

## V.        CONCLUSION

For the foregoing reasons, Check Point respectfully requests that the Court dismiss all claims of induced infringement.

Respectfully submitted,

Dated: June 21, 2022

*/s/ Eric H. Findlay*

Eric H. Findlay
Texas State Bar No. 00789886
FINDLAY CRAFT PC
102 N College Ave, Ste 900
Tyler, TX 75702
(903)534-1100
(903) 534-1137
efindlay@findlaycraft.com

Alyssa Caridis
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S Figueroa St, Ste 3200
Los Angeles, CA 90017
(650) 614-7497

Clement Seth Roberts
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard St
San Francisco, CA 94105
(415) 773-5700

**Attorneys for Defendant**
**Check Point Software Technologies Ltd.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel

of record via CM/ECF through Local Rule CV-5(a) on this 21st day of June, 2022.

*/s/ Eric H. Findlay*
Eric H. Findlay