**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TAASERA LICENSING LLC, | § §  Case No. 2:22-cv-00063-JRG-RSP |
| Plaintiff, | § §  **JURY TRIAL DEMANDED** |
| v. | § § |
| CHECK POINT SOFTWARE TECHNOLOGIES LTD., | § § § |
| Defendant. | § § § § |

**PLAINTIFF TAASERA LICENSING LLC'S RESPONSE IN OPPOSITION
TO DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S
MOTION FOR PARTIAL DISMISSAL
OF PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 26)**

## TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION .................................................................................................................. 1

II.   PROCEDURAL BACKGROUND...................................................................................... 1

III.  LEGAL STANDARDS ........................................................................................................ 2

IV.   ARGUMENT........................................................................................................................ 4

      A.   Taasera Has Sufficiently Pled Induced Infringement ............................................. 4

           1.   The FAC Adequately Alleges Knowledge of the Asserted Patents............ 5

           2.   The FAC Adequately Alleges that Check Point Intentionally
               Induces Infringement .................................................................................. 7

V.    CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3D Sys., Inc. v. Formlabs, Inc.*,
  No. 13 CIV. 7973, 2014 WL 1904365 (S.D.N.Y. May 12, 2014)..............................6

*Aladdin Temp-Rite, LLC v. Carlisle Foodservice Prod., Inc.*,
  No. 3:13-CV-00650, 2014 WL 12775193 (M.D. Tenn. July 2, 2014) .....................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................2, 4

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) .................................................................................................2, 3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)..............................................................................3, 7, 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ...........9

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2016 WL 1643315 (E.D. Tex. Apr. 26, 2016) ................5

*InMotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)....................8

*Lochner Techs., LLC v. AT Labs Inc.*,
  No. 2:11-CV-242-JRG, 2012 WL 2595288 (E.D. Tex. July 5, 2012)......................5

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ...................................................................................3

*Lutron Electronics Co., Inc. v. Crestron Electronics, Inc.*,
  970 F. Supp. 2d 1229 (D. Utah 2013)......................................................................6

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ................................................................................3

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014)...................................................................................7

*Motiva Patents, LLC v. Sony Corp.*,
  No. 9:18-CV-00179-JRG-KFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019) ......3

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
  No. 6:11-cv-495-LED-JDL, 2013 WL 12138894 (E.D. Tex. Nov. 21, 2013) ..........................6

*Novatel Wireless, Inc. v. Franklin Wireless Corp.*,
  No. 10CV2530-CAB (JMA), 2012 WL 12845615 (S.D. Cal. July 19, 2012)..........................7

*O'Daniel v. Indus. Serv. Sols.*,
  922 F.3d 299 (5th Cir. 2019) ...............................................................................................2

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-CV-235-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 13, 2016).....................................5

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
  No. 6:11-cv-220, 2012 WL 9864381 (E.D. Tex. July 27, 2012) .............................................4

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016).....................................................................................2

*Semcon IP Inc. v. Kyocera Corp.*,
  No. 2:18- cv-197-JRG, 2019 WL 1979930 (E.D. Tex. May 3, 2019)..................................4, 8

*Skinner v. Switzer*,
  562 U.S. 521, 530 (2011) .......................................................................................................2

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
  No. 2:13-cv-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) .............................................5

*Ultravision Techs. LLC v. Govision LLC*,
  No. 2:18-cv-100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 20, 2020) .......................4, 6, 9

*Weiland Sliding Doors and Windows, Inc. v. Pan da Windows and Doors, LLC*,
  No. 10CV677 JLS (MDD), 2012 WL 202664 (S.D. Cal. Jan. 23, 2012) ................................6

*Wooten v. McDonald Transit Assocs., Inc.*,
  788 F.3d 490 (5th Cir. 2015) ................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................2, 3, 9, 10

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this response in opposition to Defendant Check Point Software Technologies Ltd.'s ("Check Point" or "Defendant") Motion to Dismiss (Dkt. 26).

## I.   INTRODUCTION

Taasera has sufficiently pled indirect infringement. A comparison of Taasera's complaint with the relevant case law—case law that Check Point ignored—reveals that Check Point's motion should be denied.

Check Point's motion only takes issue with Taasera's indirect infringement allegations. Check Point does not challenge the sufficiency of Taasera's direct infringement allegations which form the basis for Taasera's indirect infringement allegations. Contrary to Check Point's assertions, Taasera's infringement allegations meet the Twombly/Iqbal standard and set forth sufficient factual bases by mapping claims of the Asserted Patents to Check Point's products. Taasera's allegations that Check Point had knowledge of the Asserted Patents since at least the filing of the initial Complaint, and for some of the Asserted Patents since prior to the filing of the initial Complaint, are sufficient. Taasera's allegations include citations to public documents including documents on Check Point's website that show how Check Point's products are directly infringed by Check Point and its customers and how Check Point induces infringement of its customers. These allegations, when considering the Complaint as a whole, result in a reasonable and plausible inference that Check Point specifically intended to induce its customers to infringe the Asserted Patents and knew that the customers' acts constituted infringement.

For the foregoing reasons, Check Point's Motion should be denied.

## II.   PROCEDURAL BACKGROUND

Taasera filed its initial Complaint in this action on February 25, 2021 (Dkt. 1) alleging infringement of U.S. Pat. Nos. 6,842,796 ("'796 Patent"); 8,327,441 ("'441 Patent"); 8,955,038

("'038 Patent"); 9,990,948 ("'948 Patent"); 9,092,616 ("'616 Patent"); 9,608,997 ("'997 Patent"); 9,923,918 ("'918 Patent"); and 9,071,518 ("'518 Patent") (collectively, the "Asserted Patents") On July 5, 2022, Taasera filed its First Amended Complaint ("FAC") alleging infringement of the Asserted Patents. Dkt. 21.

Taasera's FAC alleges, *inter alia*, that Defendant has directly and indirectly infringed the Asserted Patents by making using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the Asserted Patents.

Check Point's Motion to Dismiss challenges each Count with respect to induced infringement. Check Point does not challenge the sufficiency of Taasera's direct infringement allegations.

### III.   LEGAL STANDARDS

The question on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will prevail on its claims, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019) (citation omitted).

After viewing the facts most favorably to the plaintiff, "the court must then decide whether those facts state a claim for relief that is plausible on its face." *Script*, 170 F. Supp. 3d at 935 (citation omitted). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *accord id.* at 559, (explaining that claims should only be dismissed at the pleading stage when there is "no 'reasonably founded hope that the [discovery]

2

process will reveal relevant evidence'" (*quoting Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005))); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." (*quoting Twombly*, 550 U.S. at 556)). Courts "are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents, LLC v. Sony Corp.*, No. 9:18-CV-00179-JRG-KFG, 2019 WL 4737051, at *4 (E.D. Tex. Sept. 27, 2019) (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

  A motion to dismiss under Rule 12(b)(6) raises purely procedural questions that are governed by the law of the regional circuit. *In re Bill of Lading*, 681 F.3d at 1331 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)). In the Fifth Circuit, motions to dismiss "are viewed with disfavor and are rarely granted." *Lormand*, 565 F.3d at 232 (citation omitted). To survive a motion to dismiss on a claim for indirect (induced) infringement, a complaint must "contain facts plausibly showing that [an accused infringer] specifically intended their customers to infringe the [patent or patents-in-suit] and knew that the customers' acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. However, a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for

3

every element of inducement." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-220, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012); see also *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks and citation omitted).

IV.   **ARGUMENT**

    A.   **Taasera Has Sufficiently Pled Induced Infringement**

Here, Taasera's allegations satisfy the plausibility standard. Taasera alleges that Check Point had knowledge of the Asserted Patents at least as of the date of the filing of the Initial Complaint. Dkts. 21 ¶¶ 37, 38, 48, 49, 63, 64, 76, 77, 92, 93, 107, 108, 121, 122, 135, and 136. Taasera further alleges that Check point had knowledge of the '441, '948, '616, and '518 Patents prior to the filing of the Initial Complaint. *Id*. With knowledge of the Asserted Patents and of the infringing products, Check Point knowingly and intentionally induced, and continues to induce, direct infringement by "customers and end users," by supplying the infringing products to those direct infringers with knowledge, intent, or willful blindness that they would infringe. *Id*.; *See, e.g., Semcon IP Inc. v. Kyocera Corp.*, No. 2:18- cv-197-JRG, 2019 WL 1979930, at * 4 (E.D. Tex. May 3, 2019) (denying motion to dismiss indirect infringement claim based on allegations that defendant "knowingly and intentionally inducing others, including [] customers and end users, to directly infringe . . . by making, using, offering to sell, selling and/or importing into the United States products. . . that include infringing technology" and had knowledge of the patents at least as of the date of the complaint); s*ee also, Ultravision Techs. LLC v. Govision LLC*, No. 2:18-cv-100-JRG-RSP, 2020 WL 896767, at *11 (E.D. Tex. Jan. 20, 2020) (denying motion to dismiss indirect infringement claims); s*ee also, Ultravision Techs. LLC v. RMG Networks Holding Corporation*, No. 3:19-cv-01210-M, Dkt. 39 (N.D. Tex. Jul. 10, 2019)

4

(denying motion to dismiss indirect infringement claims under the same facts present here). The FAC provides factual allegations that Check Point instructs end users how to perform the patented methods by providing manuals and documentation, available online as of and after the date of the Initial Complaint, which is sufficient to meet the pleading standard. Dkts. 21 ¶¶ 37, 48, 63, 76, 92, 107, 121, and 135.

### 1. The FAC Adequately Alleges Knowledge of the Asserted Patents

Defendant's argument that Taasera failed to plead facts showing that Defendant had pre-litigation knowledge of the Asserted Patents fails as a matter of law. *See* Mot. at 6. As this Court has recognized, the failure to allege pre-suit knowledge "is not a basis to dismiss [plaintiff's] indirect infringement claims." *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012). [1] Rather, an allegation that the defendant had knowledge of the patent as of the filing of the complaint is "sufficient to provide knowledge of the patent for purposes of indirect infringement, at least from the time of the complaint going forward." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.4 (E.D. Tex. Apr. 26, 2016) (collecting cases); *see also*, e.g., *Lochner*, 2012 WL 2595288, at *3 (holding that alleging knowledge "at least from the time of the Complaint going forward" is sufficient to defeat a motion to dismiss indirect infringement claim); *see also In re Bill of Lading*, 681 F.3d at 1345–46 (noting that complaints that allege knowledge "at the latest . . . when [defendant] was served with the complaint" are sufficient ); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495-LED-JDL, 2013 WL 12138894, at *3 (E.D. Tex. Nov. 21,

---

[1] *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-235-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 13, 2016) (citing *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-cv-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) (Gilstrap, J.) ("[A] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit.").

5

2013) ("Post-suit knowledge of the patents-in-suit alone does not provide a basis for dismissing Norman's indirect infringement claims with respect to alleged infringing activity occurring after the Second Amended Complaint."); *Ultravision*, 2020 WL 896767, at *11 ("there is no pre-suit knowledge requirement to establish induced infringement"). Here, there is no dispute that the FAC alleges Defendant had knowledge of the Asserted Patents at least as early as the date of the filing of the initial Complaint. This is sufficient, and Defendant's motion on this point should be denied.

The FAC also specifically alleges that Check Point had pre-suit knowledge of the '441, '948, '616, and '518 Patents based on patent marking. Dkts. 21 ¶¶ 47, 48, 75, 76, 91, 92, 134, 135. In industries such as this—highly specialized security software for application attestation, endpoint compliance based on known security vulnerabilities, and integrity profiles for identifying a threat level—Courts have found that marking products with the patents-in-suit is sufficient to infer defendant had pre-suit knowledge of the patents. *3D Sys., Inc. v. Formlabs, Inc.*, No. 13 CIV. 7973, 2014 WL 1904365, at *3 (S.D.N.Y. May 12, 2014) (finding the complaint pled sufficient facts to allege knowledge where "the Complaint alleges that 3DS and Formlabs were competitors in the same market, stereolithographic 3D printers, and that 3DS marked its products of the patents-in-suit to the extent required by law.") citing *Weiland Sliding Doors and Windows, Inc. v. Pan da Windows and Doors, LLC*, No. 10CV677 JLS (MDD), 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) and *Lutron Electronics Co., Inc. v. Crestron Electronics, Inc.*, 970 F. Supp. 2d 1229, 1237–38 (D. Utah 2013). Similarly, in Aladdin, "the Court f[ound] that in alleging that (1) Defendant knew of Plaintiff's patent by virtue of Plaintiff's marking of its products; and (2) Defendant infringed the patent in a 'deliberate' matter, including encouraging customers and prospective customers to purchase and use the infringing products[], the Complaint has sufficiently alleged facts to state a claim for induced infringement at the

6

motion to dismiss stage." *Aladdin Temp-Rite, LLC v. Carlisle Foodservice Prod., Inc.*, No. 3:13-CV-00650, 2014 WL 12775193, at *3 (M.D. Tenn. July 2, 2014); see also *Novatel Wireless, Inc. v. Franklin Wireless Corp.*, No. 10CV2530-CAB (JMA), 2012 WL 12845615, at *3 (S.D. Cal. July 19, 2012) (holding that a plaintiff's "marking of its own products that compete with the accused infringed products" and listing patents on a website was sufficient to allege prior knowledge of a patent).

### 2. The FAC Adequately Alleges that Check Point Intentionally Induces Infringement

Check Point alleges that Taasera has failed to allege specific intent to induce infringement. Dkt. 26 at 7. However, Check Point seeks to improperly impose a heightened pleading standard on Taasera. A plaintiff is not required to "plead facts establishing that each element of an asserted claim is met" and "need not even identify which claims it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335. "Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) (citing *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363–65 (Fed. Cir. 2006)). Taasera alleges that Defendant knowingly and intentionally induces infringement by actively encouraging customers and end users, to engage in infringing acts and knowing and intentionally sell or provide accused products to direct infringers, knowing that these entities intend to use the accused products in an infringing manner. Dkt. 21 at ¶¶ 37, 38, 48, 49, 63, 64, 76, 77, 92, 93, 107, 108, 121, 122, 135, and 136. Check Point does this while actively instructing end users to use the products in infringing ways. *Id*. at n.4, 8 16, 22, 33, 42, 53, and 60.

Taasera's complaint is sufficient. For example, regarding Count I and the '796 Patent, Taasera alleges that Check Point infringes by, among other things, encouraging the use of its

7

Check Point Data Loss Prevention Software Blade. The Check Point website identified in the Complaint (Dkt. 21 at n. 4) includes a download link for Check Point's customers to download and utilize the Data Loss Prevention Software Blade. Taasera's Complaint further explains how the use of the Data Loss Prevention Software Blade by Check Point's customers (as encouraged by Check Point's website and technical support materials) infringes at least Claim 1 of the '796 Patent. Dkt. 21 at 32-35. Taasera's FAC provides analogous factual allegations for each Count. Accordingly, Check Point's argument that Taasera provides no allegations of how the documentation directs customers to use the products in an infringing way is flawed. *See* Mot. at 10.

Thus, considering the FAC, "as a whole" and "the facts . . . in the context of the technology disclosed in the [patent] and the [LED billboard] industry," it is "reasonable and plausible" to infer that Check Point specifically intended to induce its customers to infringe the Asserted Patents and knew the customers' acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1340; *see also InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1, 3 (E.D. Tex. Aug. 10, 2012) (finding allegation that defendant "actively induced others to infringe" sufficient to satisfy specific intent requirement and state a claim for induced infringement, and noting that detailed factual support is not necessary for every element of inducement); *see also*, *Semcon IP*, 2019 WL 1979930, at *3–*4.

Check Point's argument that the cited manuals and documentation were "created and provided" prior to the filing of the Complaint fails. Mot. at 8-9. The manuals and documentation were being actively distributed at the time of the Complaint through Check Point's website and continue to be distributed now. Dkt. 21 at n.4, 8 16, 22, 33, 42, 53, and 60. Check Point's claim that the act of providing the documents instructing end users to infringe pre-dates their knowledge

8

of the Asserted Patents is factually incorrect.

Check Point's case law is inapposite. Check Point focuses heavily on the *Core Wireless* case; however, Check Point fails to acknowledge that *Core Wireless* involved a complaint pled under the now-defunct Form 18 standard. *See Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) ("Form 18, however, applies only to direct infringement claims and thus cannot measure the sufficiency of indirect infringement pleadings."). In *Core Wireless*, there were no substantive allegations regarding the underlying acts of direct infringement. *Id.* at *3-4. Here, Taasera has set forth detailed allegations that meet the *Iqbal/Twombly* standard for direct infringement and Check Point **does not dispute** the sufficiency of those allegations. Dkt. 21 at ¶¶ 31-136. Furthermore, as stated above, Check Point ignores more recent case law from this District including the *Ultravision* case. Taasera respectfully submits that the *Ultravision* case is the most analogous case as the allegations in that complaint were very similar to the allegations set forth by Taasera in its Complaint. For the same reasons that the Court denied the motion to dismiss in *Ultravision*, the Court should similarly deny Check Point's motion here.

Accordingly, Taasera has sufficiently pled indirect infringement, and Defendant's Rule 12(b)(6) motion should be denied.

V.   **CONCLUSION**

For the foregoing reasons, Taasera respectfully requests that the Court deny Check Point's Motion to Dismiss under Rule 12(b)(6). To the extent the Court finds that the Complaint is insufficient, Taasera seeks leave to submit an amended complaint.

Dated:  August 2, 2022                                                      Respectfully submitted,

                                                                                           */s/ Alfred R. Fabricant*
                                                                                           Alfred R. Fabricant

9

NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
 Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
