**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § | Case No. 2:22-cv-00063-JRG-RSP |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| CHECK POINT SOFTWARE TECHNOLOGIES LTD., | § | |
| Defendant. | § | |

**PLAINTIFF TAASERA LICENSING LLC'S RESPONSE IN OPPOSITION TO DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA (DKT. 23)**

**TABLE OF CONTENTS**

**Page(s)**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Procedural Background ..... 2

B. Plaintiff Taasera Licensing LLC ..... 2

C. Defendant Check Point Has Significant Connections to this District ..... 3

III. LEGAL STANDARDS ..... 4

IV. ARGUMENT ..... 5

A. This Case Has Been Centralized in This Court ..... 5

B. The Private Interest Factors Do Not Favor Transfer ..... 5

1. The Relative Ease of Access to Sources of Proof Weighs Against Transfer ..... 5

2. The Cost of Attendance for Willing Witnesses Weighs Against Transfer ..... 7

3. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer ..... 9

4. Judicial Economy Favors the EDTX ..... 10

C. The Public Interest Factors Do Not Favor Transfer ..... 10

1. The Local Interests Weigh Against Transfer ..... 10

2. Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer ..... 11

D. The Totality of the Circumstances Fails to Show NDCA is Clearly More Convenient ..... 12

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accuhale LLC v. AstraZeneca LP*,
No. 6:11-cv-707-LED, 2013 WL 12322594 (E.D. Tex. Mar. 27, 2013)....................................8

*Am. Vehicular Scis. LLC v. Toyota Motor Corp.*,
No. 6:12cv404-MHS, 2014 WL 3385149 (E.D. Tex. July 10, 2014)........................................6

*Core Wireless Licensing, S.A.R.L. v. Apple Inc.*,
No. 6:12-CV-100 LED-JDL, 2013 WL 682849, at *2 (E.D. Tex. Feb. 22, 2013) ....................................................................................................................4

*Defense Distrib. v. Bruck*,
30 F.4th 414 (5th Cir. 2022) ..........................................................................4, 5, 6, 7

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*,
No. 2:15-CV-01702-RWS-RSP, 2017 WL 1109865 (E.D. Tex. Mar. 24, 2017)......................8

*Hammers v. Mayea-Chang*,
No. 2:19-CV-00181-JRG, 2019 WL 6728446 (E.D. Tex. Dec. 11, 2019)...............................7

*Japan Display Inc. v. Tianma Microelectronics Co.*,
No. 2:20-CV-00283-JRG, 2021 WL 3772425 (E.D. Tex. Aug. 25, 2021)...........................5, 7

*Jones v. Cooper*,
No. 09-0086, 2009 WL 4823837 (W.D. La. Dec. 14, 2009) ....................................................6

*Longhorn HD LLC v. Juniper Networks, Inc.*,
No. 2:21-CV-00099-JRG, 2021 WL 4243382 (E.D. Tex. Sept. 16, 2021) ..............................2

*Luminati Networks Ltd. v. BIScience Inc.*,
No. 2:18-CV-00483-JRG, 2019 WL 2084426 (E.D. Tex. May 13, 2019) ...............................8

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009).................................................................................4

*Potter v. Cardinal Health 200, LLC.*,
No. 2:19-CV-00007-JRG, 2019 WL 2150923 (E.D. Tex. May 16, 2019) ...............................6

*Proven Networks, LLC. v. Netapp, Inc.*,
W-20-CV-00369-ADA, 2021 WL 4875404 (W.D. Tex. Oct. 19, 2021)............................5, 11

*In re Radmax*,
720 F.3d 285 (5th Cir. 2013) ..................................................................................5

*Realtime Data, LLC v. Rackspace US, Inc.*,
No. 6:16-CV-00961, 2017 WL 772653 (E.D. Tex. Feb. 28, 2017) ........................................8

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
No. 2:19-CV-00025-JRG, 2019 WL 6344470 (E.D. Tex. Nov. 27, 2019)...................9, 10, 11

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
303 U.S. 283 (1938).....................................................................................................6

*St. Paul Reinsurance Co. v. Greenberg*,
134 F.3d 1250 (5th Cir. 1998) ......................................................................................6

*In re: Taasera Licensing, LLC, Patent Litigation*,
2:22-md-03042-JRG, Dkt. 1 (E.D. Tex.) ........................................................................1

*In re: Taasera Licensing, LLC, Patent Litigation*,
2:22-md-03042-JRG (E.D. Tex.) .........................................................................1, 2, 9, 10

*Taasera Licensing LLC v. Palo Alto Networks, Inc.*,
No. 2:22-cv-00062-JRG, Dkt. 1 (E.D. Tex. Feb. 25, 2022) ...............................................2

*Taasera Licensing LLC v. Trend Micro Inc.*,
No. 2:21-cv-00441, Dkt. 1 (E.D. Tex. Nov. 30, 2021) ......................................................2

*In re Volkswagen AG*,
371 F.3d 201 (Fed. Cir. 2004)....................................................................................4, 5

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .....................................................................................4, 5

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................4, 12

28 U.S.C. § 1407.............................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(B) ..........................................................................................10

## I. INTRODUCTION

Check Point Software Technologies Ltd.'s ("Check Point") Motion is premature in light of the recent Transfer Order by the United States Judicial Panel on Multidistrict Litigation (the "Panel") to centralize this case under 28 U.S.C. § 1407 with three other cases involving Taasera.[1] *In re: Taasera Licensing, LLC, Patent Litigation*, MDL No. 3042. The Panel denied Defendant's motion to transfer to the Northern District of California, or alternatively, the Southern District of New York. *Id*. Instead, the Panel transferred the out-of-District cases to this Court, which are consolidated for pretrial proceedings. *In re: Taasera Licensing, LLC, Patent Litigation*, 2:22-md-03042-JRG, Dkt. 1 (E.D. Tex.). Accordingly, this motion is premature as the case may be resolved during pretrial, and the transfer analysis leading up to the trial may change.

Alternatively, should the Court decide to rule on Check Point's Motion at this time, it should be denied because Taasera Licensing LLC ("Taasera" or "Plaintiff") is located in this District, and Check Point is located in Israel. Check Point identifies no party witnesses in NDCA, but only certain employees of its US-based subsidiary that *potentially* have relevant information. But Check Point's US subsidiary has more employees in Texas than California, including its Technology Lead who is heavily involved with the Accused Products. Thus, Check Point has failed to meet its burden to demonstrate that transferring this action to NDCA is "clearly more convenient" for all parties and witnesses. [redacted]

[1] This case has been centralized with *Palo Alto Networks, Inc. v. Taasera Licensing LLC, et al.*, C.A. No. 1:22−02306 (S.DN.Y.); *Taasera Licensing LLC v. Trend Micro Incorporated*, C.A. No. 2:21−00441 (E.D. Tex.); and *Trend Micro, Inc. v. Taasera Licensing LLC*, C.A. No. 3:22−00518 (N.D. Tex.) (together with this case, the "MDL") and assigned to this Court.

Defendant Check Point is an Israeli entity with its principal place of business in Tel Aviv. Check Point is not headquartered or incorporated in NDCA. Further, Defendant admits that its sources of proof and employees *will be* located in San Carlos, CA and Tel Aviv, but does not specify which documents, if any, are currently, or will be, in San Carlos. Because Defendant has failed to show that transfer to the NDCA is clearly more convenient and warranted in the interests of justice, Defendant's Motion must be denied.

## II. BACKGROUND

### A. Procedural Background

Taasera filed its initial Complaint in this action on February 25, 2022. *See* Dkt. 1. Taasera also filed two other cases in this District involving the Patents-in-Suit. *See Taasera Licensing LLC v. Palo Alto Networks, Inc.*, No. 2:22-cv-00062-JRG, Dkt. 1 (E.D. Tex. Feb. 25, 2022) and *Taasera Licensing LLC v. Trend Micro Inc.*, No. 2:21-cv-00441, Dkt. 1 (E.D. Tex. Nov. 30, 2021).

On July 5, 2022, Taasera filed its First Amended Complaint. Dkt. 21. Check Point filed the instant Motion to transfer on July 11, 2022. Dkt. 23. On August 4, 2022, this case was consolidated in the MDL with three other cases for pretrial proceedings. *In re: Taasera Licensing, LLC, Patent Litigation*, 2:22-md-03042-JRG (E.D. Tex.).

### B. Plaintiff Taasera Licensing LLC[2]

Taasera is the sole and exclusive owner of all right, title, and interest to the Patents-in-Suit.[3] Dkt. 21, ¶ 15. [redacted]

---

[2] Defendants allege Taasera is a "litigation construct" and question Taasera's connections to this District but the only evidence to support their claim merely shows that Taasera is a young technology startup. Mot. at 4, 14; *see Longhorn HD LLC v. Juniper Networks, Inc.*, No. 2:21-CV-00099-JRG, 2021 WL 4243382, at *3 (E.D. Tex. Sept. 16, 2021). [redacted]

[3] U.S. Pat. Nos. 6,842,796 ("'796 Patent"); 8,327,441 ("'441 Patent"); 8,955,038 ("'038 Patent"); 8,990,948 ("'948 Patent"); 9,092,616 ("'616 Patent"); 9,608,997 ("'997 Patent"); 9,923,918 ("'918 Patent"); and 9,071,518 ("'518 Patent") (collectively, the "Asserted Patents").

[redacted] These individuals have relevant information relating to Taasera's acquisition of the Asserted Patents, as well as its business activities. [redacted]

### C. Defendant Check Point Has Significant Connections to this District

Defendant Check Point is an Israeli corporation based in Tel Aviv. Dkt. 23-2, ¶ 2. Check Point admits that relevant witnesses are located in Israel. Mot. at 3. Check Point's US subsidiary has more employees in Texas than California. Ex. 4 (308 employees in Dallas/Fort Worth compared to 233 in the San Francisco Bay area). Three of the Accused Products were developed *solely* in Tel Aviv, and the remaining products were developed in Tel Aviv and other locations, including San Carlos, CA, and other undisclosed locations outside of the United States. Dkt. 23-2, ¶ 5.

[4] Check Point alleges that Taasera's office is that of its local counsel. Mot. at 14-15. This is incorrect. [redacted]

## III. LEGAL STANDARDS

"When a defendant is haled into court, some inconvenience is expected and acceptable." *Defense Distrib. v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Thus, as the Fifth Circuit has recently reiterated, a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be denied unless the movant "adduce[s] evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.* The party seeking transfer must demonstrate good cause for the transfer, *i.e.*, that the transferee venue is clearly more convenient for both the parties and the witnesses. *Id.; see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). This "'places a significant burden on [Defendants] to show good cause for transfer:' a burden that this Court does not take lightly." *Core Wireless Licensing, S.A.R.L. v. Apple Inc.*, No. 6:12-CV-100 LED-JDL, 2013 WL 682849, at *2 (E.D. Tex. Feb. 22, 2013). Indeed, "the standard is not met by showing one forum is more likely than not to be more convenient." *Defense Distrib.*, 30 F.4th at 433.

If the suit could have been brought in the proposed district, the Court should then consider the Fifth Circuit's private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private interest factors are: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.*; *In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009). The public interest factors are: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203. "[R]espect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to 'clearly demonstrate' that the proposed

transferee forum is 'clearly more convenient' than the forum in which the case was filed." *Japan Display Inc. v. Tianma Microelectronics Co.*, No. 2:20-CV-00283-JRG, 2021 WL 3772425, at *2 (E.D. Tex. Aug. 25, 2021) (citing *Volkswagen I*, 371 F.3d at 203).

## IV. ARGUMENT

### A. This Case Has Been Centralized in This Court

This Motion is premature because, regardless of the outcome, pretrial in this case will occur in this Court due to the Panel's decision to centralize the four Taasera cases here. Therefore, the only possible relief Check Point may seek is a transfer of the trial to the NDCA. This analysis would be more timely conducted at the close of the pretrial process. Even evaluating the merits of the Motion now, transfer of the trial to the NDCA is not appropriate as Check Point has not met its burden to show that transfer is clearly more convenient.

### B. The Private Interest Factors Do Not Favor Transfer

#### 1. The Relative Ease of Access to Sources of Proof Weighs Against Transfer

This factor assesses the relative ease of access to sources of proof, including documentary and other physical evidence. *See Volkswagen II*, 545 F.3d at 315. "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013). As the Fifth Circuit has recently reiterated, a movant must *specifically* identify and locate sources of proof and explain their relevance. *Defense Distrib.*, 30 F.4th at 434. Check Point has not met its burden here. Regardless, this factor is moot given that this case is subject to MDL proceedings and all pretrial proceedings will occur in this District. *Proven Networks, LLC. v. Netapp, Inc.*, W-20-CV-00369-ADA, 2021 WL 4875404, at *2 (W.D. Tex. Oct. 19, 2021) ("this factor is moot given the nature of the MDL proceedings.") [redacted]

[redacted] These activities and documents tilt this factor towards Taasera. *Defense Distrib.*, 30 F.4th at 434 & n.25 (holding that plaintiff's activities and documents in Texas weighed against transfer). Check Point falsely claims that Taasera is ephemeral and that its documents are located at its local counsel's office. Mot. at 8. [redacted]

As Check Point admits, it maintains a Technical Assistance Center in Irving, Texas which provides technical support to customers. Dkt. 23-2, ¶ 6. Therefore, it is likely that sources of proof relevant to inducement are located there, and its employees would have relevant knowledge on technical features of the Accused Products. Additionally, it is home to potential party witnesses, including technology leads and software developers such as, *e.g.*, Augusto Morales, Ph.D., Michael Bybee, and Kyle Danielson. Exs. 7-9. Augusto Morales, Ph.D. appears to be extremely involved with the Accused Products and is responsible for the cybersecurity sales initiatives for the accused Harmony products. Exs. 3, 9.

Check Point vaguely alleges that "[*p*]*otentially* relevant" documents "*will be* located primarily in San Carlos and Tel Aviv," but it fails to specifically identify which of such *potential*

---

[5] The transfer analysis is not performed as of the date of the filing of the complaint, as suggested by *Am. Vehicular Scis. LLC v. Toyota Motor Corp.*, No. 6:12cv404-MHS, 2014 WL 3385149, at *3 (E.D. Tex. July 10, 2014). The cases relied on by that decision, rather, state only that subsequent events regarding the amount in controversy requirement cannot deprive the court of jurisdiction. *Jones v. Cooper*, No. 09-0086, 2009 WL 4823837, at *3 (W.D. La. Dec. 14, 2009); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Even if the suggestion of *Am. Vehicular Scis. LLC* applies, transfer should be evaluated as of the date of the Amended Complaint. *Potter v. Cardinal Health 200, LLC.*, No. 2:19-CV-00007-JRG, 2019 WL 2150923, at *4 (E.D. Tex. May 16, 2019) (evaluating facts of amended complaint for transfer analysis).

sources of proof are *currently* located in NDCA, as opposed to its headquarters in Tel Aviv. Dkt. 23-2, ¶ 8. Indeed, Check Point states that its source code, which is highly relevant to this case, is in Israel. *Id.*, ¶ 9. Check Point's unsupported assertions cannot satisfy its burden without identifying the sources of proof already in NDCA and how they are specifically relevant to trial. *Defense Distrib.*, 30 F.4th at 434.[6] Further, Check Point's assertion that "earlier versions" of two of the Accused Products were developed by Zone Labs Inc., which was acquired in 2004, does not support transfer because there is no evidence that the pre-2004 version of the Accused Products even included the infringing features. Mot. at 7; Dkt. 23-2, ¶ 4. Indeed, Check Point goes on to claim that those same two Accused Products were developed in Tel Aviv, San Carlos, and other locations outside of the United States, which was not the location of Zone Labs Inc. in 2004 (San Francisco or Redwood City). *Id.*, ¶¶ 4, 5. Israeli witnesses and documents cannot weigh in favor of transfer.[7]

Because Taasera's documents are located in this District and Check Point has identified no sources of proof in NDCA, this factor weighs against transfer. *Defense Distrib.*, 30 F.4th at 434 ("Weighing the first factor as 'neutral' in the face of the NJAG's lack of proof and Plaintiffs' proffer abused both logic and the court's discretion.").

**2. The Cost of Attendance for Willing Witnesses Weighs Against Transfer**

Check Point fails to identify with any specificity what type of relevant knowledge is held by witnesses at its US-based subsidiary's California office, or why they would be necessary at trial. *See* Mot. at 10. Rather, Check Point merely states that they are "likely relevant," and have

---

[6] *See also Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *7 (E.D. Tex. Dec. 11, 2019) ("Since the inquiry is only focused on evidence that will be used at trial, a movant fails to meet its burden if it does not explain how a particular source of proof will be used at trial.") (cited with approval in *Defense Distrib.*, 30 F.4th at 434).

[7] *See Japan Display*, 2021 WL 3772425, at *5 ("[I]n either instance these individuals will likely have to leave home for an extended period of time and incur travel, lodging, and related costs.").

"relevant technical knowledge." *Id*. at 3. "In order for the Court to properly analyze convenience, specific witnesses should be identified with, at a minimum, a general statement providing the expected relevant and material information to the litigation at hand." *Realtime Data, LLC v. Rackspace US, Inc*., No. 6:16-CV-00961, 2017 WL 772653, at *10 (E.D. Tex. Feb. 28, 2017). Check Point fails to make a "persuasive showing that they would be likely trial witnesses." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc*., No. 2:15-CV-01702-RWS-RSP, 2017 WL 1109865, at *3 (E.D. Tex. Mar. 24, 2017).

Check Point ignores that its US-based subsidiary appears to have employees in Texas with the same relevant information as the two Technology Leaders and two Managers identified in NDCA. The potential witnesses residing near to this District include, but are not limited to, (1) Augusto Morales, Ph.D., Technology Lead; (2) Michael Bybee, Software Developer; and (3) Kyle Danielson, Software Developer. Exs. 7-9. Notably, Augusto Morales, Ph.D., specifically identifies the accused Harmony Products as part of his work experience, and recently wrote an article on Harmony Mobile. Exs. 3, 9. Each of these potential witnesses works in the Dallas area which is conveniently located just outside of this District. Exs. 7-9. Additionally, it is highly likely that co-workers of the above-listed employees working with relevant technology are also located near this District. Accordingly, this District is more convenient for these witnesses.

Check Point admits that its relevant party witnesses located in Tel Aviv, Israel, do not alter the analysis. Mot. At 10. "While the Court recognizes the inconvenience of overseas travel, these 'witnesses will be inconvenienced with international travel regardless whether this case is transferred.'" *Luminati Networks Ltd. v. BIScience Inc*., No. 2:18-CV-00483-JRG, 2019 WL 2084426, at *8 (E.D. Tex. May 13, 2019) citing *Accuhale LLC v. AstraZeneca LP*, No. 6:11-cv-707-LED, 2013 WL 12322594, at *4 (E.D. Tex. Mar. 27, 2013). While Check Point submits flight

lists from the travel aggregation site Kayak in support of its argument that the NDCA would be more convenient for these witnesses, it fails to even identify the individuals and the relevant knowledge they possess. Accordingly, the Israel-based witnesses should not factor into the analysis.

This District is most convenient for Taasera and its witnesses. As discussed above, each of Taasera's witnesses finds Marshall more convenient than NDCA. *See Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-CV-00025-JRG, 2019 WL 6344470, at *3 (E.D. Tex. Nov. 27, 2019) ("[T]he Court finds that transfer to the Central District of California for the convenience of Apple and its potential witnesses would work a commensurate inconvenience on Rembrandt and its potential witnesses. Accordingly, the Court finds that this factor weighs against transfer."). Accordingly, this factor weighs against transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer

The importance of this factor is diminished as all pretrial proceedings, including depositions and discovery that require compulsory process, will take place in this District subject to the MDL. *In re: Taasera Licensing, LLC, Patent Litigation*, 2:22-md-03042-JRG (E.D. Tex.). Thus, the subpoena power of the NDCA court is far less relevant. Regardless, this factor weighs against transfer where several third-party Check Point subsidiary employees who have worked on the relevant technology are located in this District including, but not limited to: (1) Augusto Morales, Ph.D.; (2) Michael Bybee; and (3) Kyle Danielson. Exs. 7-9. Notably, Check Point lists several categories of non-party witnesses but does not show that any will be necessary for trial. Mot. at 9.

Regarding third-party prior art inventor witnesses and inventors, Check Point states only that they are "potentially relevant" and fails to identify how their testimony could be probative and

why it would be required at trial. Mot. at 9. Check Point identifies Zone Labs's founders that were involved with old iterations of two of the Accused Products prior to 2004. Mot. at 7; Dkt. 23-2, ¶ 4. However, Check Point fails to explain how they would have knowledge relevant to the products that are actually accused, *i.e.* the versions of products accused of infringement within six years of initiating this lawsuit.

Taasera, however, may need to rely on testimony of companies and individuals within the subpoena power of this Court because IBM, which has several office locations in Texas and this District, originally developed the technology embodied in four of the Patents-in-Suit. *See* Fed. R. Civ. P. 45(c)(1)(B). For example, IBM has at least 22 locations throughout Texas, including many in this District. Ex. 10. Thus, testimony from IBM regarding development of the patented technology will likely be required at trial and this Court can compel their attendance. Accordingly, this factor weighs against transfer.

**4. Judicial Economy Favors the EDTX**

This factor weighs heavily against transfer in view of the MDL proceedings. *In re: Taasera Licensing, LLC, Patent Litigation*, 2:22-md-03042-JRG (E.D. Tex.). This Court will oversee pretrial proceedings, including claim construction, and will be very familiar with the Asserted Patents, the Accused Products, the parties, and the issues. Accordingly, judicial economy would be best served by holding trial in this Court, as opposed to another court that is completely unfamiliar with the case.

**C. The Public Interest Factors Do Not Favor Transfer**

**1. The Local Interests Weigh Against Transfer**

Check Point alleges that there is a local interest in this issue being resolved in the NDCA. Although Check Point has a US-based subsidiary located in NDCA, it is not itself headquartered in the NDCA. *See Rembrandt*, 2019 WL 6344470, at *3. Rather, the local interest in having

localized interests decided at home weighs against transfer because [8]

While Check Point asserts that the "local interest factor weighs in favor of transfer" because its third-party subsidiary "employs approximately 175 NDCA residents whose work and reputation may be called into question" (Mot. at 13), it "has not identified any *individuals* whose reputations have been implicated by this action or how." *Rembrandt*, 2019 WL 6344470, at *3. Further, it ignores that the same Check Point subsidiary currently has far more employees who live and work in and around the Dallas/Fort Worth area (308 employees) than it does in the San Francisco Bay area (233 employees). Ex4 at 2.

**2. Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer**

This factor is moot in view of the MDL proceedings. *Proven Networks, LLC*, 2021 WL 4875404, at *5. Even assuming it is relevant, the most recent Judicial Caseload Profiles for United States District Courts show that the median time from filing to trial is nearly seven months faster in this District (23.0 months) than the NDCA (30.9 months). *See* Ex. 6. In addition, the NDCA has stated that "the District is currently in a judicial emergency resulting from increased case volumes, COVID-19 backlogs, limited resources, and judicial vacancies." Ex. 5 ("The District's weighted caseload by district judge is now 816; ***the highest in the Ninth Circuit***."). Accordingly, this factor weighs heavily against transfer.

Check Point concedes that the remaining public interest factors (the familiarity of the forum

[8] Check Point's allegations that Taasera is ephemeral (Mot. at 13-14) are unsupported. *See supra* n. 1. Taasera has existed since May 2021, 9 months before filing suit, unlike other cases where litigation-driven entities have been found to be ephemeral.

with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws) do not favor transfer. Mot. at 13.

### D. The Totality of the Circumstances Fails to Show NDCA is Clearly More Convenient

An analysis of the totality of the convenience factors demonstrates that the NDCA is not clearly more convenient than this District, where both the private and public interest factors do not weigh in favor of transfer. Accordingly, Check Point fails to demonstrate that the NDCA is clearly more convenient, and that transfer is warranted.

## V. CONCLUSION

For the foregoing reasons, Taasera requests that the Court deny Check Point's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (Dkt. 23) in its entirety.

Dated: August 8, 2022

Respectfully submitted,

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

***ATTORNEYS FOR PLAINTIFF TAASERA LICENSING LLC***



**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant