# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § § § | Case No. 2:22-cv-00063-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| CHECK POINT SOFTWARE TECHNOLOGIES LTD., | § § § § | |
| Defendant. | § § § | |

**PLAINTIFF TAASERA LICENSING LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 26)**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017),
*report and recommendation adopted*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) ..................................................................................1

*BillJCo, LLC v. Cisco Sys., Inc.*,
No. 2:21-cv-183, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021) .............................................1

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-cv-123-JRG-RSP, 2020 WL 6496425
(E.D. Tex. Aug. 10, 2020) ........................................................................................................1

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .................................2

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
438 F.3d 1354 (Fed. Cir. 2006).................................................................................................2

*InMotion Imagery Techs. v. Brain Damage Films*,
No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)....................................2

*Lochner Techs., LLC v. AT Labs Inc.*,
No. 2:11-cv-242-JRG, 2012 WL 2595288 (E.D. Tex. July 5, 2012).........................................1

*Maxell Ltd. v. Apple Inc.*,
No. 5:19-cv-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ................................4

*Memory Integrity, LLC v. Intel Corp.*,
144 F. Supp. 3d 1185 (D. Or. 2015) .........................................................................................4

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014)...................................................................................................2

*Motiva Patents LLC v. Sony Corp.*,
408 F. Supp. 3d 819 (E.D. Tex. 2019)......................................................................................4

*RightQuestion, LLC v. Samsung Elecs. Co.*,
No. 2:21-CV-00238-JRG, 2022 WL 507487 (E.D. Tex. Feb. 18, 2022) .........................1, 2, 4

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014).........................................3

*Ultravision Techs., LLC v. GoVision, LLC*,
    No. 2:18-cv-100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 20, 2020) ............................1, 2

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") respectfully submits this sur-reply in opposition to Defendant Check Point Software Technologies Ltd.'s ("Check Point" or "Defendant") Motion to Dismiss (Dkt. 26).

I. **THE FAC ADEQUATELY ALLEGES KNOWLEDGE OF THE ASSERTED PATENTS**

There is no dispute that Defendant had actual knowledge of all but one of the Asserted Patents at least as early as the date of filing of the initial Complaint, and actual knowledge at least as of the date of filing of the FAC for the '518 Patent.[1]  This is sufficient at the pleadings stage to support a claim for both pre-suit and post-suit induced infringement.  *RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) ("the Court has expressly held that it is 'premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement' where it is clear that 'Defendants had knowledge of the Asserted Patents for at least some time during the infringement period.'") citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021); *see also Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (denying motion to dismiss pre-suit indirect infringement claims where plaintiff alleged knowledge of the patent-in-suit "at least as early as the filing of the original complaint"); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4237723 (E.D. Tex. Sept. 22, 2017) (same finding); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-123-JRG-RSP, , 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020) (same finding); *Ultravision Techs., LLC v. GoVision,*

---

[1] The FAC alleges that Defendant had knowledge of the '518 Patent since prior to the filing of the FAC. Dkt. 21 ¶ 135.  However, Defendant admits that it has had knowledge of the '518 Patent at least as of the filing of the First Amended Complaint. Reply at 3, n.2.

*LLC*, No. 2:18-cv-100-JRG-RSP, 2020 WL 896767 at *11 (E.D. Tex. Jan. 20, 2020) (same finding).

Because there is no dispute that Check Point has had knowledge of the Asserted Patents at least as early as the filing of the initial complaint, and at least as early as the FAC for the '518 Patent, Check Point's Motion to dismiss the claims of pre-suit induced infringement should be denied.

## II. THE FAC ADEQUATELY ALLEGES INTENT TO INDUCE INFRINGEMENT

The FAC alleges for all claims of induced infringement that Defendant has and continues to indirectly infringe the Asserted Patents by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, and that Defendant provides the Accused Products to customers and end-users for use in an infringing manner while providing product manuals and documentation that instructs the customers and end-users how to use the Accused Products.  Dkt. 21, ¶¶ 37, 48, 63, 76, 92, 107, 121, and 135.  The FAC cites the specific locations Check Point provides the instruction documentation. *Id*. at n.4, 8, 16, 22, 33, 42, 53, and 60.  These allegations are sufficient. *Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 905 (Fed. Cir. 2014) (citing *Golden Blount, Inc. v. Robert H. Peterson Co*., 438 F.3d 1354, 1363–65 (Fed. Cir. 2006)); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1, *3 (E.D. Tex. Aug. 10, 2012); *Fractus, S.A. v. TCL Corp*., No. 2:20-CV-00097-JRG, 2021 WL 2483155, *4 (E.D. Tex. June 2, 2021); *RightQuestion, LLC*, 2022 WL 507487, at *3.

On reply, Check Point takes the absurd position that providing instructions through its website to its customers and end-users, that instruct them to use the Accused Products in an

infringing manner, is not an "affirmative step." Reply at 3-4. In support, it cites to a single case—*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)—which is inapposite and directly contradicts Defendant's argument. In *Tierra*, retailer OfficeMax moved to dismiss claims of indirect infringement where it sold accused ASUS products that included a user guide in the box with the product. There, "[n]o specific relationship between OfficeMax and the TF700 User Guide [was] alleged" and "OfficeMax [was] not alleged to have written the User Guide, to provide it specially to customers, to make it available on its website, or to otherwise furnish it to customers through any of its own actions." *Id*. at *1. In contrast, here, Check Point is not a retailer, and Taasera's FAC alleges that Defendant provides its own instruction manuals to customers and identifies Check Point's website where those instructions are distributed. Further, as confirmed in *Tierra*, Check Point, as the *maker* and *provider* of the Accused Products and the instruction manuals, may be liable for induced infringement. *Id*. at *6 ("ASUS may be liable for induced infringement, since it prepared the TF700 User Guide and packaged it with the TF700 tablet.").

Check Point's final Reply argument, that the FAC does not identify a single way in which the cited product manuals instruct users to infringe, is factually and legally incorrect. Reply at 4-5. The FAC explains how the use of the Accused Products by Check Point's customers infringes the claims of the Asserted Patents by mapping the Accused Products to the asserted claims and pointing to excerpts of Check Point's literature in support. Dkt. 21, ¶¶ 32-35, 43-46, 54-61, 69-74, 82-90, 98-105, 113-119, and 127-133. The FAC also identifies the documentation provided by Defendant to its customers and end-users that instructs them to use the specific infringing features of the Accused Products. *Id*. at n.2, 4, 8, 15, 16, 22, 33, 35, 42, 44, 46, 49, and 52-60. "By pointing to literature 'advertising an infringing use' and 'instructing how to engage in an

3

infringing use' and including corresponding claim recitations which indicate how such use of the Accused Products allegedly infringes the Asserted Patents, [Taasera] has sufficiently stated a claim for induced infringement. *RightQuestion, LLC*, 2022 WL 507487, at *3 (citing *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019); *see also Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036-RWS, 2019 WL 7905455, (E.D. Tex. Oct. 23, 2019).

Check Point's reliance on *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185 (D. Or. 2015) is misplaced. There, the documents and quotations that plaintiff identified in its complaint "do not teach how to use Intel's products to infringe Memory Integrity's patents, but simply describe how Intel's products work." *Id*. at 1196. That is far from analogous to the allegations in the FAC here, where Check Point's documents were mapped to the claims of the Asserted Patents and teach how to use the specific infringing features of the Accused Products. Dkt. 21, ¶¶ 32-35, 37, 43-46, 48, 54-61, 63, 69-74, 76, 82-90, 92, 98-105, 107, 113-119, 121, 127-133, and 135.

Check Point also argues that some of the citations in the FAC include broken links. Reply at 5, n.6. This is inaccurate. Some of the links cited in Dkt. 21, ¶¶ 48, 92, and 121 have apparently been moved behind a privileged access wall since the filing of the FAC. Privileges to access can be attained with a software subscription, as is plainly stated on the webpage when the links are accessed. However, these documents are also available at the following static links:

      https://downloads.checkpoint.com/fileserver/SOURCE/direct/ID/110134/FILE/CP_Harmony_Endpoint_AdminGuide.pdf

      https://downloads.checkpoint.com/dc/download.htm?ID=103837

It is unclear what technical issue Defendant has with the link cited in Dkt. 21, ¶ 135, as it is not a broken link, nor does it require any privileges to access, when the full URL is used.

Accordingly, Taasera has sufficiently pled intent for induced infringement, and Defendant's Rule 12(b)(6) motion should be denied.

## III. CONCLUSION

For the foregoing reasons, Taasera respectfully requests that the Court deny Check Point's Motion to Dismiss under Rule 12(b)(6). To the extent the Court finds that the Complaint is insufficient, Taasera seeks leave to submit an amended complaint.

Dated: August 16, 2022

Respectfully submitted,

/s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

　　　　　　　　　　　　　　　　　　　　*/s/ Alfred R. Fabricant*　　　　　　
　　　　　　　　　　　　　　　　　　　　　Alfred R. Fabricant