IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § § | Case No. 2:22-cv-00063-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| CHECK POINT SOFTWARE TECHNOLOGIES LTD., | § § § | |
| Defendant. | § § | |

**JOINT MOTION FOR ENTRY OF OPPOSED
E-DISCOVERY ORDER**

Pursuant to the Discovery Order dated August 3, 2022 (Dkt. 33), Plaintiff Taasera Licensing LLC ("Plaintiff" or "Taasera") and Defendant Check Point Software Technologies, Ltd. ("Defendant" or "Check Point") have met and conferred and hereby submit competing forms of Proposed E-Discovery Order. Plaintiff's Proposed Discovery Order is attached as Exhibit A and Defendant's Proposed E-Discovery Order is attached as Exhibit B.

**Plaintiff's Position**

Defendant proposes a unilateral modification of the Court's Default E-Discovery Order, reducing (1) the number of "likely e-mail custodians" in paragraph 7 from 15 custodians to 10; (2) reducing the final number of e-mail custodians in paragraph 8 from 8 custodians to 4; and (3) reducing the number of search terms per custodian in paragraph 9 from 10 terms to 5. This case involves 8 patents in several different families, complicated issues including specific intent for induced infringement, and multiple different types of product lines accused of infringement, each of which may involve different e-mail custodians. This case is more complicated than the typical

patent case, not less. Defendant is also a foreign company, which will further complicate electronic discovery as relevant e-mails may be stored in a foreign language, necessitating additional search terms per custodian. Plaintiff's proposed E-Discovery Order contains limits identical to the Court's Default standard, which Plaintiff contends is sufficient for this case even given its complexity.

**Defendant's Position**

Defendant Check Point Software Technologies Ltd. ("Check Point") requests that the ordinary limits of e-Discovery in this matter be reduced to account for (1) the imbalanced burden on the parties that the ordinary limits would impose here and (2) the nature of the accused products.

Plaintiff Taasera Licensing LLC ("Plaintiff" or "Taasera") appears to be a newly-formed company (formed in May 2021) with only two "managers" and two "contract employees." Dkts. 24-28, 35-2, 35-3. Even if, as Taasera now claims, the company is involved in the development of any type of product, the fact remains that any e-mail discovery requests directed at Taasera would at most implicate a few individuals and span only a few months. Check Point, on the other hand, has hundreds of employees and a decades' long history of product development. Thus, Taasera's proposed limits of identifying fifteen "most significant listed e-mail custodians" and propounding e-mail requests on a total of eight custodians is vastly one-sided. Check Point will bear the brunt of this discovery burden, while Taasera would only possibly identify 1 or 2 custodians whose email dates back at most to approximately May 2021.

What's more, e-mail discovery in this case is not proportional to the needs of the case. The products at issue here are all software-based products. Their structure, function, and operation are dictated by the source code underlying that software—not the content of any individual's inbox.

There is no credible allegation in this case of pre-suit notice, nor are the parties competitors. There is simply no benefit in this case for e-mail discovery at all.

Nevertheless, understanding that this Court generally does allow e-mail discovery, Check Point has proposed to simply limit (rather than eliminate) the parameters of such discovery. Check Point requests that the parties identify ten "most likely" custodians (Ex. B, ¶ 8), four custodians for e-mail requests (*id*., ¶ 9), and five search terms (*id*., ¶ 9). Such limits would serve to balance the disparate burdens discussed above and bring e-mail discovery more in line with the proportionality requirement of FRCP 26. Of course, Check Point's proposed order keeps intact the ability of either party to request additional custodians or terms upon a showing of a distinct need. *See id.,* ¶¶ 8–10. Accordingly, Check Point's proposed limits do not prejudice Taasera from later seeking additional discovery if it can demonstrate a particularized need.

Dated:  August 18, 2022         Respectfully submitted,

 /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653

Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-851

***ATTORNEYS FOR PLAINTIFF
TAASERA LICENSING LLC***


*/s/ Alyssa Caridis*
Eric H. Findlay
Email:  efindlay@findlaycraft.com
State Bar No. 00789886
Debby Gunter
Email:  dgunter@findlaycraft.Com
State Bar No. 24012752
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903)-534-1137

Clement S. Roberts
Email. croberts@orrick.com
CA State Bar No. 209203
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA  94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Alyssa Caridis
Email:  acaridis@orrick.com
Jake O'Neal (Admitted *Pro Hac Vice*
Email: jake.oneal@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone: (213) 612-2372
Facsimile: (213) 612-2499

Evan Brewer (Admitted *Pro Hac Vice*)
Email: ebrewer@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
100 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7497
Facsimile: (650) 614-7401

***ATTORNEYS FOR DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.***

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 18, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that all counsel of record have met and conferred in accordance with Local Rule CV-7(h) and this joint motion is opposed.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
