IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TAASERA LICENSING LLC,<br><br>    Plaintiff,<br><br> v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES LTD.,<br><br>    Defendant. | Case No. 2:22-cv-00063-JRG-RSP |

**DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | This Motion Is Ripe Because the Relevant Facts Are Not Changing. | 1 |
| II. | Transfer Is Heavily Favored Because Substantial Trial Evidence Was in NDCA When this Suit Was Filed, and Minimal, If Any, Relevant Evidence Was in EDTX. | 1 |
| III. | The Location of Witnesses Strongly Favors Transfer. | 2 |
| IV. | The Practical Problems Factor Is Neutral. | 4 |
| V. | Transfer Is Heavily Favored Because NDCA Has a Strong Local Interest. | 4 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adobe Inc.*,
   823 F. App'x 929 (Fed. Cir. 2020) ................................................................................2

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
   2018 WL 2329752 (E.D. Tex. May 23, 2018) ...............................................................2

*Am. Scis. LLC v. Toyota Motor Corp.*,
   2014 WL 3385149 (E.D. Tex. July 10, 2014) ................................................................1

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ......................................................................................5

*In re EMC Corp.*,
   501 F. App'x 973 (Fed. Cir. 2013) .................................................................................4

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009) ......................................................................................3

*Godo Kaisha IP Bridge 1 v. Xilinx, Inc.*,
   2017 WL 4076052 (E.D. Tex. Sept. 14, 2017) ..............................................................3

*In re HP Inc.*,
   2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...............................................................3

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) .................................................................................1

*In re Hulu, LLC*,
   2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ..................................................................3

*Intell. Ventures I LLC v. T-Mobile USA, Inc.*,
   2018 WL 4175934 (E.D. Tex. June 29, 2018) ...............................................................1

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ...................................................................................4, 5

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ......................................................................................2

*Potter v. Cardinal Health 200, LLC.*,
   2019 WL 2150923 (E.D. Tex. May 16, 2019) ...............................................................1

*Proven Networks, LLC., v. Netapp, Inc.*,
   2021 WL 4875404 (W.D. Tex. Oct. 19, 2021) .....................................................1, 3, 4, 5

*Realtime Data LLC v. Barracuda Networks Inc.*,
   2017 WL 4791970 (E.D. Tex. Oct. 24, 2017) ...............................................................4

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) .....................................................................................4

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014)................................................................................2, 4

*Vertical Computer Sys., Inc. v. LG Elecs. MobileComm U.S.A., Inc.*,
   2013 WL 2241947 (E.D. Tex. May 21, 2013)..............................................................1

**Statutes**

28 U.S.C. § 1407(a) ..........................................................................................................4

**Other Authorities**

17 C.F.R. § 229.303 ..........................................................................................................5

**TABLE OF EXHIBITS**

| Ex. 1 | Taasera's Amended Complaint Against Trend Micro (8/19/2022) |
|---|---|
| Ex. 2 | Photographs of 100 W Houston St, Marshall, TX 75670 |
| Ex. 3 | Geoffrey Zweig LinkedIn (inventor of the '796 patent) |
| Ex. 4 | Mukund Padmanabhan LinkedIn (inventor of the '796 patent) |
| Ex. 5 | Blair Nicodemus LinkedIn (inventor of the '038, '997, and '918 patents) |
| Ex. 6 | Billy Stephens LinkedIn (inventor of the '038, '997, and '918 patents) |
| Ex. 7 | Jatin Malik LinkedIn (inventor of the '518 patent) |
| Ex. 8 | Ratnesh Singh LinkedIn (inventor of the '518 patent) |
| Ex. 9 | Rajakumar Bopalli LinkedIn (inventor of the '518 patent) |
| Ex. 10 | Quest/Taasera Form 10-K for 2021 |
| Ex. 11 | Quest/Taasera Form 10-Q (first quarter 2022) |
| Ex. 12 | Quest/Taasera Form 10-Q (second quarter 2022) |

This motion has an unusual procedural posture. Because of the pending MDL proceeding, granting transfer of this motion will not result in the case being transferred for pretrial proceedings. Instead, granting transfer will result in the case being transferred *for trial* after this Court finishes its work on the consolidated proceedings.

**I.     This Motion Is Ripe Because the Relevant Facts Are Not Changing.**

This motion is ripe because the transfer analysis will not change based on pre-trial proceedings. *See* Dkt. 35 (Opp'n) at 1, 5. "[P]recedent dictates that motions to transfer venue are not decided on a series of changing facts, but instead should be evaluated based on the situation which existed when suit was filed." *Vertical Computer Sys., Inc. v. LG Elecs. MobileComm U.S.A., Inc.*, 2013 WL 2241947, at *3 (E.D. Tex. May 21, 2013); *see also In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020) (same).[1] This Court can and should evaluate those facts now and not wait until the end of MDL proceedings. *Proven Networks, LLC., v. Netapp, Inc.*, 2021 WL 4875404, at *1 (W.D. Tex. Oct. 19, 2021) (granting transfer of an MDL case in its early stages).

**II.    Transfer Is Heavily Favored Because Substantial Trial Evidence Was in NDCA When this Suit Was Filed, and Minimal, If Any, Relevant Evidence Was in EDTX.**

The "access to sources of proof" factor is not mooted by centralization because "as this Court has previously noted, venue analysis is concerned only with the presentation of evidence *at and during trial,* not, as [plaintiff] appears to argue, related to the pre-trial discovery process." *Intell. Ventures I LLC v. T-Mobile USA, Inc.*, 2018 WL 4175934, at *2 n.1 (E.D. Tex. June 29, 2018) (emphases in original) (citations omitted).

Here, Plaintiff does not assert that any relevant documents were in EDTX when this suit was filed. Instead, it claims that ████████████████████████ ████████ but provides no support for this assertion, including no information as to when █

---

[1] Plaintiff's cases confirm the same. *See Am. Scis. LLC v. Toyota Motor Corp.*, 2014 WL 3385149, at *3 (E.D. Tex. July 10, 2014) ("whether transfer is appropriate is determined at the time of filing [of the complaint]"); *Potter v. Cardinal Health 200, LLC.*, 2019 WL 2150923, at *2 (E.D. Tex. May 16, 2019) ("The [transfer] factors are decided based on 'the situation which existed when suit was instituted.'") (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

1

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Opp'n Ex. 1. And Plaintiff has repeatedly asserted that its place of business is the office of its local counsel, including as recently as August 19, 2022. Dkt. 1 (Compl.), Dkt. 21 (FAC); Exs. 1–2. But documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ carry no weight. Mot. at 8.

Even if these documents were entitled some weight, this factor would still weigh heavily in favor of transfer because, when this suit was filed, far more evidence was in NDCA at Check Point's US headquarters than in EDTX. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199–200 (Fed. Cir. 2009) (transfer "heavily" favored where most evidence was in defendant's US headquarters in transferee venue or Japan). And to the extent Plaintiff attempts to create ambiguity about this point in its opposition, Check Point affirms that core technical documents for three of the six Accused Products were (and still are) in NDCA, as were (and are) financial, sales, and marketing documents for all of the Accused Products. Mot. at 3–4, 6–7; Dkt. 23-2 ¶¶ 8–9.

Plaintiff also attempts to argue against transfer by pointing to Check Point's Technical Assistance office in the *Northern District* of Texas. Opp'n at 6. But "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."[2] *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014); *In re Adobe Inc.*, 823 F. App'x 929, 931–32 (Fed. Cir. 2020) (same). Plaintiff also points to three Check Point employees in Texas, but *witness location* is irrelevant to this factor. Opp'n at 6; *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, 2018 WL 2329752, at *3 (E.D. Tex. May 23, 2018) (access to witnesses is evaluated only under the second or third factor).

**III.     The Location of Witnesses Strongly Favors Transfer.**

Check Point has identified four willing and 12 third-party witnesses in NDCA with relevant and material information, while Plaintiff has not identified any relevant witness in this district.

---

[2] Plaintiff embraces this law when to its benefit, noting "Check Point admits [] its relevant party witnesses located in [] Israel do not alter the analysis," Opp'n at 8, but then claims transfer is disfavored by pointing to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id* at 3, 9.

*Proven Networks*, 2021 WL 4875404, at *3 ("[Defendant] articulates thirteen potential witnesses . . . [Plaintiff] does not counter with any [] witnesses of its own. . . . this factor weighs strongly in favor of transfer."); *Godo Kaisha IP Bridge 1 v. Xilinx, Inc.*, 2017 WL 4076052, at *4 (E.D. Tex. Sept. 14, 2017) (transfer "heavily" favored "when far more third-party witnesses reside in the transferee venue"). Instead, Plaintiff identifies three Check Point employees who do not have relevant and material information, meaning there is virtually no chance they would testify at trial.[3] *See* Zegman Reply Decl. Further, two of them are in NDTX, and thus irrelevant. *Id.*; *Toyota*, 747 F.3d at 1340. And while Plaintiff claims it "may need to rely on testimony" from IBM employees—it does not identify anyone, much less anyone in EDTX. Opp'n at 10. The only known relevant IBM employees are the inventors, and *none* live here. FAC ¶¶ 19–26; Exs. 3–9.

Check Point has shown that the 16 NDCA witnesses have "relevant and material information." *In re Genentech,* 566 F.3d 1338, 1343 (Fed. Cir. 2009). Check Point is "not required" to "affirmatively indicate that it would call those witnesses or the nature of the testimony they would give." *In re HP Inc.*, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) (citation omitted); *In re Hulu, LLC*, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021) (same). And it cannot reasonably be disputed that the NDCA witnesses have material and relevant information—*e.g.*, the prior art inventors know about the prior art, the four Check Point employees know about the functionality of the Accused Products, Zone Labs' co-founders know about the development of some Accused Products, as well as earlier versions of the same which may anticipate the asserted patents. Mot. at 2–4; Dkt. 23-2 ¶¶ 5, 7; *see Godo Kaisha*, 2017 WL 4076052, at *4 (granting transfer where defendant's "employees with the knowledge of the design, development, and marketing of the accused products . . . reside[d] and work[ed] in or near San Jose."). And, again, there are no relevant witnesses in this district. *Proven Networks*, 2021 WL 4875404, at *3; *see*

---

[3] Plaintiff falsely claims that Augusto Morales "recently wrote an article on Harmony Mobile." Opp'n at 8. That article was written by two security engineers who appear to work at Google. Opp'n Ex. 3. Morales, a sales engineer, just linked the article in his LinkedIn marketing post. *Id.*

*also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) ("Even if not all witnesses testify, with nothing on the other side of the ledger, the factor strongly favors transfer.").

Plaintiff also argues that EDTX would be more convenient for its only witnesses—███ ███████████████████████████████ Opp'n at 3. But neither lives in this district and they are far from both venues. *In re Toyota*, 747 F.3d at 1340; *Realtime Data LLC v. Barracuda Networks Inc.*, 2017 WL 4791970, at *3 (E.D. Tex. Oct. 24, 2017) (granting transfer to NDCA and noting: "Although [plaintiff] argues this District is more convenient for its witnesses, that contention is entitled to lesser weight because [its] witnesses reside in New York and [] will be required to travel a significant distance no matter where they testify."). And, to the extent the Court gives weight to the alleged convenience of these witnesses, it should accord similar weight to Check Point Israel witnesses, who greatly outnumber Plaintiff's witnesses (because three of the Accused Products were developed solely in Tel Aviv), and for whom NDCA would be substantially more convenient. Mot. at 10 n.5; Dkt. 23-2 ¶¶ 5, 10.

**IV.     The Practical Problems Factor Is Neutral.**

Plaintiff argues that the knowledge this Court will gain during pretrial will make transfer less efficient. Opp'n at 10. But several of the cases will be returned to the transferor venue for trial regardless of the outcome of this motion, 28 U.S.C. § 1407(a), and considerations of judicial economy arising after the filing of a suit do not weigh against transfer, *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Moreover, *Proven Networks* confirms that this factor is neutral when a case is subject to MDL centralization. 2021 WL 4875404, at *5. And, even if it were not, given Check Point's showing that NDCA "is a clearly more convenient forum, the considerations of judicial economy do not override that showing to warrant a denial of transfer." *Realtime Data LLC v. Barracuda Networks Inc.*, 2017 WL 4791970, at *4–5 (E.D. Tex. Oct. 24, 2017).

**V.      Transfer Is Heavily Favored Because NDCA Has a Strong Local Interest.**

Transfer is also heavily favored because Plaintiff's presence in EDTX is "insubstantial" compared to Check Point's presence in NDCA. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320–

21 (Fed. Cir. 2021). Further, Plaintiff's minimal presence in EDTX "is entitled to little weight" since it is "merely the product of pursuing litigation in a preferred forum." *Id.*; *see* Mot. at 4–5, 14–15. Plaintiff has attempted to rebut this point by making a series of allegations (raised for the first time in its opposition) to the effect that it has ████████████████████ ████████ Opp'n at 6. But that recent activity does not rebut Check Point's showing that Plaintiff was Quest's litigation construct *at the time this case was filed*. Mot. at 4–5, 14–15. And Quest/Taasera does not disclose its newly-claimed ██████████████████████████ in any SEC filing, thereby certifying under law that ████████ are immaterial. Exs. 10–12; 17 C.F.R. § 229.303 ("events that are reasonably likely to cause a material change in the relationship between costs and revenues []such as known or reasonably likely future increases in costs of labor or materials or price increases . . . must be disclosed").

Moreover, Plaintiff has repeatedly claimed that its place of business is the office of its local counsel, undermining its newfound assertion that it is not a litigation construct. Compl. ¶ 1; FAC ¶ 1; Exs. 1–2. In response to this motion, Plaintiff claims for the first time that it ████████ ████████████████████—but it does not identify any separate address. Opp'n Ex. 1 ¶ 5. What this likely means is simply that no one ████████████████████████

In any case, transfer is strongly favored because NDCA has "significant connections" to "the events that gave rise to [this] suit," whereas Plaintiff's new claims have no connection. *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (emphasis removed); *see also Proven Networks*, 2021 WL 4875404, at *5 ("To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred."). Specifically, the technology underlying four asserted patents was allegedly developed and embodied in products manufactured in NDCA, and three of the Accused Products were developed in NDCA by persons who live in NDCA, including Skyler King, Kaveh Baharestan, Gururaj Baikady, and Sundeep Mudgal. Mot. at 2–4, 13.

5

Check Point respectfully requests that the Court grant the motion and hold that this case will be transferred to NDCA for trial at the conclusion of pretrial proceedings.

Respectfully submitted,

Dated: August 29, 2022

*/s/ Eric H. Findlay*
Eric H. Findlay
efindlay@findlaycraft.com
FINDLAY CRAFT PC
102 N College Ave, Ste 900
Tyler, TX 75702
(903) 534-1137

Alyssa Caridis
acaridis@orrick.com
Jake O'Neal
jake.oneal@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S Figueroa St, Ste 3200
Los Angeles, CA 90017
(650) 614-7497

Clement Seth Roberts
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard St
San Francisco, CA 94105
(415) 773-5700

Evan Brewer
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd
Menlo Park, CA 94025
(650) 614-7497

***Attorneys for Defendant Check Point Software Technologies Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay
