IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § | CIVIL ACTION NO.  2:22-MD-03042-JRG |
| THIS DOCUMENT RELATES TO CIVIL ACTION NO. 2:22-CV-00063-JRG | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Partial Dismissal of Plaintiff's First Amended Complaint (the "Motion") (2:22-cv-63, Dkt. No. 26) filed by Defendant Check Point Software Technologies Ltd. ("Check Point").  On February 21, 2023, the Court held a hearing in the above-captioned case regarding the Motions to Dismiss, along with several other consolidated cases and related motions. (Dkt. No. 80).  Having considered the Motions to Dismiss, the subsequent briefing, the oral arguments, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

### I.   BACKGROUND

On February 25, 2022, Taasera filed suit against Check Point for patent infringement in the Eastern District of Texas.  (Dkt. No. 1).  Thereafter, on July 5, 2022, Taasera filed its Amended Complaint for Patent Infringement ("Amended Complaint"), asserting infringement of U.S. Patent Nos. 6,842,796 (the "'796 Patent"); 8,327,441 (the "'441 Patent"); 8,955,038 (the "'038 Patent"); 8,990,948 (the "'948 Patent"); 9,092,616 (the "'616 Patent"); 9,608,997 (the "'997 Patent"); 9,923,918 (the "'918 Patent"); and 9,071,518 (the "'518 Patent") (collectively, the "Asserted Patents").  (Dkt. No. 21 ¶¶ 7–15).  Beginning on August 3, 2022, and for tag-along cases filed thereafter, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized the

above-captioned litigation in the Eastern District of Texas and transferred the following cases to the same (categorized by their original jurisdictions) for consolidated pretrial proceedings:

- Eastern District of Texas:

  o *Taasera Licensing LLC v. Trend Micro Incorporated*, Case No. 2:22-CV-00441-JRG

  o *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*, Case No. 2:22-CV-00063-JRG

  o *Taasera Licensing LLC v. Fortinet Inc.*, Case No. 2:22-CV-00468-JRG

  o *Taasera Licensing LLC v. Musrubra US LLC d/b/a Trellix*, Case No. 2:22-CV-00427-JRG

- Northern District of Texas

  o *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 2:22-CV-00303-JRG

- Southern District of New York

  o *Palo Alto Networks, Inc. v. Taasera Licensing LLC*, *Quest Patent Research Corporation*, Case No. 2:22-CV-00415-JRG

- Western District of Texas

  o *Taasera Licensing LLC v. CrowdStrike, Inc.*, *CrowdStrike Holdings, Inc.*, Case No. 2:22-CV-00468-JRG

(Dkt. No. 34 at 1, 3).  On July 19, 2022, Check Point filed the instant Motion, requesting that the Court dismiss Taasera Licensing LLC's ("Taasera") "claims of induced infringement with prejudice as the allegations are facially deficient and cannot be cured." (Dkt. No. 26 at 5).

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A Court can dismiss a complaint that fails to meet this standard.  FED. R. CIV. P. 12(b)(6).  "To survive dismissal at the pleading stage, a complaint must state 'enough facts such that the claim for relief

is plausible on its face.'" *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  However, the plaintiff is not required to prove its case at the pleading stage. *Id.*  Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings whereas more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## III.   DISCUSSION

Check Point generally asserts that Taasera's claims of induced infringement should be dismissed because, in the Amended Complaint, Taasera fails to adequately alleged (1) knowledge;

(2) specific intent; and (3) willful blindness of the Asserted Patents to induce infringement.  The Court considers each issue in turn.

### A.  Knowledge

Check Point initially moves to dismiss Taasera's claims for induced infringement in Counts 1, 3, 6, and 7 of the Amended Complaint, arguing that they fail to allege pre-suit knowledge. (Dkt. No. 26 at 10).  According to Check Point, Counts 2, 4, 5, and 8 fail to adequately allege knowledge based on product marking.  (*Id.*)  It also argues that the counts as pleaded are based on legal conclusions of the marking statute and do not contain any factual basis to support the allegation of induced infringement.  (*Id.*).  Even if Taasera, or its predecessors, marked its products as to the Asserted Patents, Check Point asserts, "marking does not supply knowledge for induced infringement as a matter of law."  (*Id.*).

Taasera responds that this Court has held that failure to allege pre-suit knowledge is not a basis to dismiss indirect infringement claims.  (Dkt. No. 31 at 9 (citing *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)).  It argues that the Amended Complaint undisputedly alleges that Check Point had knowledge of the Asserted Patents at least as early as the initial Complaint's filing date and that Check Point had pre-suit knowledge of the '441, '948, '616, and '518 Patents based on patent marking.  (*Id.* at 10).  Taasera cites to several cases, contending that "courts have found that marking products with the patents-in-suit is sufficient to infer that a defendant had pre-suit knowledge of the patents."  (*Id.* (collecting cases)).

Check Point replies that the marking statute requires that a company need only mark its products if they embody the patents-in-suit.  (Dkt. No. 37 at 4).  For example, Check Point argues that the '948 Patent, which contains only method claims, would have complied with the marking

statue even if Taasera never marked any products.  (*Id.*).  Check Point further argues that Taasera fails to allege that any products were every actually marked with any of the patents.  (*Id.*).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).  Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer.  *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019).

The Court finds that Taasera has adequately pled facts that, if taken as true, state a claim for induced infringement.  In its Amended Complaint, Taasera alleges that Check Point "has and continues to indirectly infringe" each of the Asserted Patents "by knowingly and intentionally inducing others to directly infringe . . . by making, using, offering to sell, selling, and/or importing into the United States the infringing Accused Products."  (Dkt. No. 21 ¶¶ 37, 48, 63, 76, 92, 107, 121, and 135).  Specifically, the Amended Complaint asserts that Check Point "knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement" of the Asserted Patents by "providing these products to customers and end-users for use in an infringing manner."  (*Id.*).  According to the Amended Complaint Check Point "provides product manuals and documentation that instruct customers and end-users how to use the Accused Products."  (*Id.*).   This Court has found that comparable claims of induced infringement are adequate to survive a motion to dismiss.  *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *5 (E.D. Tex. Apr. 26, 2016).

The parties dispute whether Taasera adequately pled that Check Point had pre-suit knowledge of the Asserted Patents.  (Dkt. No. 26 at 10-11; Dkt. No. 31 at 10-11; Dkt. No. 37 at 4-5).  The Court need not distinguish between pre- and post-suit knowledge to resolve the present Motion at this juncture.  This Court has repeatedly held that it is "premature at this early stage" to make such a distinction for the purposes of induced infringement when it cannot be disputed that Taasera sufficiently pleads that Check Point had knowledge of the Asserted Patents "for at least some time during the infringement period."[1]  *RightQuestion, LLC v. Samsung Electronics Co., Ltd.*, No. 2:21-CV-00238-JRG, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022) (quoting *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00183-JRG, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021)); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-00123-JRG-RSP, 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2016); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012).  The Court finds that Taasera has pleaded the requisite knowledge for induced infringement.

### B.  Specific Intent

Check Point puts forth three contentions explaining why the Amended Complaint fails to sufficiently allege specific intent to induce infringement.  (Dkt. No. 26 at 11).  Check Point initially argues that it did not have the specific intent to induce infringement via its product manuals and documentation because creation of such documentation predates its knowledge of the Asserted Patents.  (*Id.* at 12-13).  Check Point also argues that Taasera cannot point to any affirmative steps

---

[1] At the Rule 12(b)(6) stage, there "is no pre-suit knowledge requirement to establish induced infringement." *Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-CV-00100-JRG, 2020 WL 896767 at *11, (E.D. Tex. Jan. 20, 2020) (quoting *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016)

taken by Check Point after Check Point learned of the Asserted Patents to support a claim of induced infringement.  (*Id.* at 13).  It next contends that the Amended Complaint contains "generic statements that Check Point provides customers with 'product manuals and document,' but [the Amended Complaint] fails to explain how those documents direct customers to use the accused products in an infringing manner."  (*Id.* at 13).  Check Point finally argues that Taasera "states a legal conclusion without any supporting facts," and therefore fails to allege willful blindness.  (*Id.* at 16).

In Taasera's view, the Federal Circuit has held that a plaintiff need not "plead facts establishing that each element of an asserted claim is met" and "[p]roviding instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement."  (Dkt. No. 31 at 11 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012); *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014)).  Taasera contends that its Amended Complaint is sufficient because, for example, Taasera pleads that Check Point infringes the '796 Patent by encouraging the use of Check Point's Data Loss Prevention Software Blade.  (*Id.* at 11–12).  Taasera asserts that Check Point's website, which is cited in the Amended Complaint, includes a download link for Check Point's customers to download and utilize the Data Loss Prevention Software Blade.  (*Id.* at 12). Taasera argues that its Amended Complaint "explains how the use of the Data Loss Prevention Software Blade by Check Point's customers (as encouraged by Check Point's website and technical support materials) infringes at least Claim 1 of the '796 Patent."  (*Id.*). In fact, Taasera states that "[t]he manuals and documentation were being actively distributed at the time of the Complaint through Check Point's website and continue to be distributed now."  (*Id.* at 12).

Check Point replies that distribution of manuals and documentation via Taasera's website is not expressly alleged in the Amended Complaint, and even if it were, such language "[would not] be sufficient because the continued existence of the manuals on a website where they can be viewed and copied is not an affirmative step."   (Dkt. No. 37 at 6_(citing *Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-38-JRG, 2014 WL 894805, at *6 (E.D. Tex. Mar. 4, 2014)).

The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement."  *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018)). "'[A]ctive steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents LLC*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334 (identifying the defendants' employees, who provided technical support for customers performing the infringing acts, as evidence supporting induced infringement)).

The Court finds that Taasera has adequately alleged specific intent to sufficiently state a claim for induced infringement.  In its Amended Complaint, Taasera pleads:

> 37. Defendant has and continues to indirectly infringe one or more claims of the '796 Patent including, but not limited to, claim 1, by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Accused Products. For example, Defendant, with the knowledge that these products, or the use thereof, infringe the '796 Patent at least as of the date of the original Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '796 Patent by providing these products to customers and end-users for use in an infringing manner. Defendant provides product manuals and documentation that instruct customers and end-users how to use the Accused Products, including specifically how to use the Data Loss Prevention module.[4]

(Dkt. No. 21 ¶ 37 (footnote omitted)).[2]   The Amended Complaint links to a product manual, entitled DATA LOSS PREVENTION R80.10 Administration Guide, which instructs customers and end-users how to use the Accused Products.   (*Id.* at 10 n.4).   Such pleadings contain the requisite level of facts pled to withstand Check Point's Motion.   *See RightQuestion*, 2022 WL 507487, at *3 (pleading similar facts to allege specific intent and providing "excerpts of materials allegedly taken from Samsung's product briefs, customer-oriented blog posts, technical documents, YouTube videos, and instructions that direct Samsung's customer and other third-party users of the accused products to allegedly make use of the [infringing] functionality"); *see also BillJCo,* 2021 WL 6618529, at *6 (finding that similarly pled facts alleging specific intent are "reasonable to infer the necessary intent to support a claim of induced infringement"); *see also Motiva Patents*, 408 F. Supp. 3d at 828 (noting that "advertising an infringing use," "instructing how to engage in an infringing use," and "assisting in performing an infringing use" are active steps and evidence supporting induced infringement).

Check Point argues that it could not have intended to induce infringement because creation of the product manuals and documentation (identified in the Amended Complaint) pre-dates its knowledge of the Asserted Patents.   (Dkt. No. 26 at 12).   Check Point reiterates its earlier argument of pre-suit knowledge, asserting that specific intent to induce such infringement "necessarily includes the requirement that [the accused infringer] knew of the patent."   (*Id.* (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006)).   As previously noted, it would be "premature at this early stage" to differentiate between pre- and post-suit knowledge. *See RightQuestion*, 2022 WL 507487, at *3 (citing *BillJCo*, 2021 WL 6618529, at *6).   The Court finds that Taasera alleges

---

[2] The Court designates paragraph 37 of the Amended Complaint, which pleads infringement of the '796 Patent, as representative of this dispute.   (*See* Dkt. No. 21 ¶¶ 37, 48, 63, 76, 92, 107, 121, and 135).

the requisite knowledge of the Asserted Patents to plead a claim for induced infringement.  (*See, e.g.*, Dkt. No. 21 ¶ 37 ("[Check Point] with the knowledge that these products, or the use thereof, infringe the '796 Patent *at least as of the date of the original Complaint*, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '796 Patent by providing these products to customers and end-users for use in an infringing manner.") (emphasis added)).

Check Point contends that Taasera's "deficient allegations directly parallel the deficient allegations in *Core Wireless*, *Ethernet Innovations*, and *American Vehicular Services*."  (*See* Dkt. No. 26 at 15-16).  Check Point expounds that, in each case, "the court held that similar allegations to documentation which generally directed users how to use the product did *not* establish *how* the documentation instructed end-users to engage in infringing uses."  (*Id.* at 15).  Check Point's reliance on this District's precedent is misplaced.  Check Point relies on *Core Wireless Licensing S.A.R.L. v. Apple Inc.*; however, *Core Wireless* dismissed the complaint for "'failing to allege *any* facts . . . even at a basic level,' that were specific to the defendant."  *Motiva*, 408 F. Supp. 3d at 832 (distinguishing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015)).  Check Point also compares this case to *Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12cv366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) and *American Vehicular Sciences LLC v. Mercedes-Benz U.S. International, Inc.*, No. 6:13cv307 MHS-JDL, 2014 WL 10291478 (E.D. Tex. Feb. 7, 2014).  Both cases are inapplicable because the court, in each case, found that the complaint failed to allege any facts that established a plausible inference that the defendants had the specific intent to induce its customers' infringing actions.  *Compare Ethernet Innovations*, 2013 WL 8482270, at *4, *and Am. Vehicular Sci.*, 2014 WL 10291478, at *4, *with* (Dkt. No. 21 ¶ 37).  Those facts are not these facts.

### C.  Willful Blindness

Check Point argues that Taasera's claim for induced infringement based on willful blindness states a legal conclusion without any supporting facts.  (Dkt. No. 26 at 16).  The Supreme Court held that willful blindness is a substitute for actual knowledge in the context of infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).  Willful blindness is also sufficient to satisfy the knowledge requirement for induced infringement.  *Id.* at 770 (affirming finding of induced infringement where a defendant "willfully blinded itself to the infringing nature of the sales it encourages" its customers "to make").  The Court has found herein that Taasera states a cognizable claim for induced infringement.  That being so, the Court need not continue contemplating the sufficiency of all possible variations of Taasera's induced infringement claim when Taasera has already met the plausibility requirement.  *In re Bill of Lading*, 681 F.3d at 1341 ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." (quoting *Twombly*, 550 U.S. at 556)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) (noting that courts "are not authorized or required to determine whether the plaintiff's plausible inference . . . is equally or more plausible than other competing inferences." (citing *Twombly*, 550 U.S. at 556)).  The Court notes its prior finding that the Amended Complaint pleads sufficient facts to state a valid claim for induced infringement.

### IV.  CONCLUSION

For the reasons set forth herein, the Motion (Dkt. No. 26) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 10th day of March, 2023.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE