IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | § § § § § § § |
| THIS DOCUMENT RELATES TO CASE NOS. 2:21-CV-00441-JRG, 2:22-CV-00063-JRG | |

CIVIL ACTION NO. 2:22-MD-03042-JRG

## ORDER

Before the Court is the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) for Trial (2:21-cv-441, Dkt. No. 45) and the Motion to Transfer Venue to the Northern District of California (2:21-cv-63, Dkt. No. 23) (collectively, the "Motions to Transfer") filed by Trend Micro Incorporated ("Trend Micro Japan") and Check Point Software Technologies Ltd. ("Check Point"), respectively.

Beginning on August 3, 2022, and for tag-along cases filed thereafter, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized the above-captioned litigation in the Eastern District of Texas and transferred the following cases to the same (categorized by their original jurisdictions) for consolidated pretrial proceedings:

- Eastern District of Texas:

    o *Taasera Licensing LLC v. Trend Micro Incorporated*, Case No. 2:22-CV-00441-JRG

    o *Taasera Licensing LLC v. Check Point Software Technologies Ltd.*, Case No. 2:22-CV-00063-JRG

    o *Taasera Licensing LLC v. Fortinet Inc.*, Case No. 2:22-CV-00415-JRG

    o *Taasera Licensing LLC v. Musrubra US LLC d/b/a Trellix*, Case No. 2:22-CV-00427-JRG

    o *Taasera Licensing LLC v. Palo Alto Networks, Inc.*, Case No. 2:23-CV-00113-JRG

- Northern District of Texas:

- - *Trend Micro, Inc. v. Taasera Licensing LLC*, Case No. 2:22-CV-00303-JRG
- Western District of Texas:
  - *Taasera Licensing LLC v. CrowdStrike, Inc., CrowdStrike Holdings, Inc.*, Case No. 2:22-CV-00468-JRG

(Case No. 2:22-md-3042, Dkt. No. 1 at 1, 3). In the Motions to Transfer, and pursuant to 28 U.S.C. § 1404(a), Trend Micro Japan seeks transfer to the Northern District of Texas (Case No. 2:21-cv-441, Dkt. No. 45) and Check Point seeks transfer to the Northern District of California (Case No. 2:22-cv-63, Dkt. No. 23).

As a part of centralizing litigation in this Court, the MDL Panel provided that "we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." (Case No. 2:22-md-3042, Dkt. No. 1 at 1 (citing 28 U.S.C. § 1407(a)). Section 1407(a) provides, in part, "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a). In light of this type of language, the Supreme Court has noted that "the legislative history tends to confirm that self-assignment is beyond the scope of the transferee court's authority." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). The Supreme Court also held that "the statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion . . . ." *Id.* at 41 n.4.

Although Case Nos. 2:21-CV-00441-JRG and 2:22-CV-00063-JRG were originally filed in this Court, they remain consolidated for pretrial management and subject to the jurisdiction of the Panel. Section 1407(a) is clear that any action transferred by the Panel "shall be remanded by

2

the [P]anel at or before the conclusion of such pretrial proceedings to the district from which it was transferred . . ." 28 U.S.C. § 1407(a).  In fact, the Second Circuit has observed that "*Lexecon* and § 1407 require that the MDL panel remand to the transferor court any action 'at or before the conclusion of . . . pretrial proceedings,' and any further transfers of venue for trial under any statute must follow such remand."  *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 91 (2d Cir. 1998).  Once the Panel's jurisdiction terminates after pretrial management, discretion to consider all requests to transfer would revert to the Court of origin, in this particular – this Court.

At this juncture and in view of the foregoing, the Court finds that the Motions to Transfer (2:21-cv-441, Dkt. No. 45; Case No. 2:22-cv-63, Dkt. No. 23) should be and hereby are **DENIED WITHOUT PREJUDICE.**  The parties may seek leave to refile their Motions to Transfer upon remand by the Panel of each consolidated case to its originating court, or as regards these cases which originated here – when pretrial management under the MDL protocol is complete and ended.

**So ORDERED and SIGNED this 29th day of March, 2023.**

_____<br>
RODNEY GILSTRAP<br>
UNITED STATES DISTRICT JUDGE