# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IN RE: TAASERA LICENSING LLC, PATENT LITIGATION | MDL No. 2:22-md-3042-JRG[1] <br><br> THIS DOCUMENT RELATES TO: <br><br> C.A. No. 2:22-cv-63-JRG <br><br> C.A. No. 2:21-cv-441-JRG <br><br> C.A. No. 2:22-cv-303-JRG <br><br> C.A. No. 2:22-cv-314-JRG |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS FOR THE '796 PATENT**

---

[1] All docket citations herein are to MDL No. 2:22-md-3042-JRG.

**I.      Good Cause Exists for Leave to Amend.**

Plaintiff fails to rebut any of the factors supporting Defendants' good cause. In particular:

- Defendants diligently amended their invalidity contentions and prepared this Motion within 35 days of the PTAB's decision. Plaintiff's nine-day delay hindered Defendants' filing of this Motion and should not be held against Defendants.

- The proposed amendments are important. The amendments provide detail and clarity regarding why the '796 patent is invalid under *either* of the two constructions that the PTAB applied *sua sponte*—that is, the PTAB's construction that the "second text" must be distinct from *or* could be a subset of the "first text."

- Plaintiff failed to articulate any prejudice, especially given that the case is still in fact discovery. And the parties tentatively agreed to an extension of the schedule on October 23. Ex. I at 1. To the extent a further short continuance were necessary, it would not unduly delay resolution of this matter.

The Court should grant this Motion.

**II.     Defendants Diligently Prepared this Motion Within 35 Days of the PTAB's Decision.**

Defendants diligently supplemented their invalidity contentions and prepared this Motion by September 19, 2023, just one month after the PTAB's order on August 15. However, this Motion was not filed until October 3, 2023 due to (1) Defendants' attempted consolidation of other motions for leave to amend for the convenience of the Court and (2) Plaintiff's nine-day delay. In particular, Defendants sought to combine this Motion with two other motions from other MDL defendants which also sought leave to amend invalidity contentions (the other two were ultimately unopposed and filed the same day as this Motion, *see* Dkt. 290). Defendants asked Plaintiff if it would oppose the other two motions (Plaintiff had already indicated it would oppose this Motion), but it took Plaintiff nine days to respond. This Motion was then separated out and filed on October 3. Dkt. 292. As such, the full relevant timeline is as follows:

> **August 15, 2023**: The PTAB issued its order. Dkt. 292-7 (Ex. F, PTAB Decision).
>
> **August 15–September 12**: Defendants reviewed their invalidity contentions for the '796 patent, amended four charts, and sought to meet and confer with Plaintiff. Ex. G (O'Neal Decl.) ¶¶ 2–4.

1

**September 13**: Plaintiff informed Defendants that it would oppose this Motion. *Id.* ¶ 5.

**September 19**: Defendants completed a draft of this Motion but sought to combine it with the other two motions from other MDL defendants. *Id.* ¶¶ 6–7.

**September 22**: Defendants asked Plaintiff if it would oppose the other two motions. Ex. H at 4. Defendants further asked to meet and confer on September 25. *Id.* Plaintiff does not respond. *See id.* at 3.

**September 29**: The MDL defendants follow-up. *Id.*

**October 1**: Plaintiff responds that it would only oppose this Motion. *Id.* at 2.

**October 3**: Defendants separate out and file this Motion. Dkt. 292. The same day, the MDL defendants file the other two unopposed motions in a separate filing. Dkt. 290.

In short, Defendants were diligent and sought to avoid burdening the Court with multiple filings.

### III. The Proposed Amendments Address the PTAB's Claim Construction and Are, Thus, Important.

As Plaintiff acknowledges, the proposed amendments address the PTAB's claim construction, which this Court is "free to adopt." Dkt. 303 (Opp'n) at 4. Because Defendants could not have addressed the PTAB's construction any sooner (the PTAB issued its order *after* claim construction briefing started in this case), Defendants seek to do so here.

Defendants' proposed amendments provide additional detail and support for why the '796 patent claims are invalid under *either* PTAB construction—that is, whether the "second text" must be distinct from—*or* could be a subset of—the "first text."[2] *See* Dkt. 292 (Mot.) at 3; Dkt 292-7 (Ex. F, PTAB Decision) at 8–10. Each of the four references (Friedl, Hu, Nandhra, Yun) anticipates and/or renders obvious the '796 patent claims under one or both of the PTAB's constructions. The proposed amendments provide additional detail and support for this. Thus, they are important.

---

[2] The PTAB did not take a definitive position on the construction, which undermines Plaintiff's contention that the construction was "foreseeable as a plain reading of the claim." Opp'n at 3.

2

The fact that Defendants only seek to amend four of their nine charts shows that Defendants have narrowly tailored their efforts on the most important references. Indeed, these four references (Friedl, Hu, Nandhra, and Yun) each anticipate and/or render obvious the '796 patent claims and are therefore critical to Defendants' cases. *See Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 1512334, at *5 (E.D. Tex. Apr. 27, 2017) ("In determining the importance of the amendment, the Court must make a pragmatic judgment as to the likelihood that the newly asserted defense will succeed"). Because the four references are likely to anticipate and/or render obvious the claims of the '796 patent, this factor favors a finding of good cause. *See Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-cv-105, 2016 WL 6600605, at *3 (E.D. Tex. Nov. 8, 2016) (finding good cause favored where defendant maintained that its supplemental prior art had "the potential to invalidate one or more of the patents-in-suit").

### IV.   Plaintiff Does Not Explain How It Would Be Prejudiced.

Plaintiff will not be prejudiced and cannot meaningfully contend otherwise. Indeed, rather than explain how it would be prejudiced, Plaintiff merely contends that "Defendants fail to show that Taasera would not be prejudiced." Opp'n at 6. Plaintiff does not even attempt to explain how it could be prejudiced in light of *Garrity*, where the plaintiff was not prejudiced despite the fact that claim construction and fact discovery were complete. *See id*; *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-cv-269-JRG, 2021 WL 4894262, at *2 (E.D. Tex. Oct. 19, 2021). In contrast, here, if the parties' tentative joint motion to extend the schedule is accepted, fact discovery will not close for a month-and-a-half after the filing of this Reply. *See* Ex. I at 3. In any event, Plaintiff cites no case law supporting how it would be prejudiced. Opp'n at 6.

Plaintiff acknowledges it has had notice of the four references since March and presumably reviewed them when it "committed to its claim construction positions." *Id.* This further supports the conclusion that Plaintiff will not be prejudiced by the amended contentions. *Seven Networks,*

3

*LLC v. Google LLC*, No. 2:17-cv-442-JRG, 2018 WL 3327927, at *3 (E.D. Tex. July 6, 2018) (finding "minimal prejudice" where the "prior art w[ould] be in the case regardless" and plaintiff was able to "account[] for its teaching in developing its claim construction positions").

Plaintiff further contends that Defendants are changing their invalidity theories. Not so.³ Defendants are clarifying and bolstering the theories that were already disclosed in their invalidity contentions. For example, regarding how Friedl anticipates and/or renders obvious limitation 1[b], Defendants added the second paragraph as shown below (the first paragraph is already in the current Invalidity Contentions) to *clarify* the invalidity theory disclosed in the first paragraph:

> Friedl discloses identifying portions of the information within input text based on the use of regular expression pattern matching (i.e., identifying at least a portion of information associated with the at least one regularly identifiable expression). For example, Friedl discloses identifying a double (repeated) word within a received text, or certain information which is associated with a regularly identifiable expression (e.g., text) in a mailbox file, such as the subjects, dates, or reply addresses that follow "Subject:", "Date:", and "Reply-To" prefixes, respectively, via the use of regular expressions.
>
> **Further, insofar as it is a requirement of this limitation, Friedl discloses that the "regularly identifiable expression" and the "portion of information associated with the regularly identifiable expression" are not necessarily the same. For example, as described above, Friedl identifies the regularly identifiable expression, "Subject:"; and Friedl identifies a portion of information associated with—but not the same as—"Subject:"; i.e., Friedl identifies the text that follows "Subject:" *See* Friedl at 50 ("This [code snippet] attempts to match a string beginning with 'Subject:*'. Once that much of the regex matches, the subsequent [.*] matches whatever else is on the rest of the line.").**

Dkt. 292-2 at 6–7 (internal citations omitted). In other words, the second paragraph merely explains with additional detail how the *same* invalidity theory from the first paragraph also

---

³ Even if true, Defendants are permitted to timely amend for good cause. Here, the amendment is predicated on the PTAB's new claim construction. So even if Defendants were *changing* their theories, that would not be a reason to deny this motion, as Defendants have acted diligently.

discloses the claim limitation under the PTAB's construction—*i.e.,* where the "first text" is mapped to "Subject:" and the "second text" is mapped to the "data in the subject line." Other proposed amendments for the four references include additional citations to the prior art that support the same theories already disclosed. Such clarifications do not prejudice Plaintiff. *See Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-cv-565-TJW-CE, 2011 WL 2149925, at *4 (E.D. Tex. May 5, 2011) ("The prejudice to [plaintiff] is not significant. [Defendant] is not adding any new prior art references but instead only clarifying the theory with respect to the [] reference."). Moreover, it would be fundamentally unfair for Plaintiff to distinguish these four timely-disclosed references at trial based on a claim construction that occurred *after* their disclosure, especially because no party ever sought a claim construction from the PTAB. Ex. F (PTAB Decision) at 8.

Even if Plaintiff could articulate how it would be prejudiced, "[a]t this stage of the litigation, [plaintiff] can mitigate any prejudice by amending its infringement contentions, contesting nonparty depositions, and defending against [the] invalidity arguments." *Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-cv-105, 2016 WL 6600605, at *4 (E.D. Tex. Nov. 8, 2016).

**V.      The Parties' Agreed-Upon Continuance Will Remove Any Prejudice to Plaintiff.**

Under the current schedule, the proposed amendments would not prejudice Plaintiff. In any case, the parties have tentatively agreed to jointly seek an extension of several dates, Ex. I at 1, including continuing the Fact Discovery Cutoff from November 6 to December 8 and the Expert Discovery Cutoff from January 11, 2024 to February 2, *id.* at 3. The extensions—if adopted by the Court—will provide additional time and eliminate any prejudice to Plaintiff. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-237-JRG-RSP, 2020 WL 5747843, at *2 (E.D. Tex. Sept. 24, 2020) (finding no prejudice where the Court had "recently granted the parties' joint motion to amend the docket control order").

Dated: October 25, 2023                                   Respectfully submitted,

By: */s/ Eric H. Findlay*
   Eric H. Findlay
   efindlay@findlaycraft.com
   State Bar No. 00789886
   Brian Craft
   bcraft@findlaycraft.com
   State Bar No. 04972020
   **FINDLAY CRAFT, P.C.**
   7270 Crosswater Avenue, Suite B
   Tyler, Texas 75703
   Telephone: (903) 534-1100
   Facsimile: (903)-534-1137

   Clement S. Roberts
   Email. croberts@orrick.com
   CA State Bar No. 209203
   Sarah K. Mullins
   sarahmullins@orrick.com
   **ORRICK, HERRINGTON & SUTCLIFFE LLP**
   405 Howard Street
   San Francisco, CA 94105
   Telephone: (415) 773-5700
   Facsimile: (415) 773-5759

   Alyssa Caridis
   acaridis@orrick.com
   Gerald Porter
   gporter@orrick.com
   David Medina
   dmedina@orrick.com
   Jake O'Neal (Admitted *Pro Hac Vice*)
   jake.oneal@orrick.com
   **ORRICK, HERRINGTON & SUTCLIFFE LLP**
   355 S. Grand Ave, Suite 2700
   Los Angeles, CA 90071
   Telephone: (213) 612-2372
   Facsimile: (213) 612-2499

   Evan Brewer (Admitted *Pro Hac Vice*)
   ebrewer@orrick.com
   **ORRICK, HERRINGTON & SUTCLIFFE LLP**

100 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7497
Facsimile: (650) 614-7401

***ATTORNEYS FOR CHECK POINT SOFTWARE TECHNOLOGIES LTD.***


 */s/ D. Stuart Bartow*
Melissa R. Smith
State Bar No. 07921800
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

D. Stuart Bartow
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 847-4150
Facsimile: (650) 618-8505
dsbartow@duanemorris.com

Holly Engelmann
State Bar No. 24040865
Email: HEngelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201

Gilbert A. Greene
TX Bar No. 24045976
W. Andrew Liddell
TX Bar No. 24070145
BGreene@duanemorris.com
WALiddell@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Cap. of Texas Hwy, Suite 300
Austin, TX 78746-5435

7

Telephone: 512-277-2300
Facsimile: 512-277-2301

Christopher J. Tyson
**DUANE MORRIS LLP**
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-7800
Facsimile: (202) 776-7801
cjtyson@duanemorris.com

Brianna M. Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: 215-979-1198
Facsimile: 215-754-4983

***ATTORNEYS FOR TREND MICRO INCORPORATED (JAPAN)***

 */s/ Michael R. Rueckheim*
Melissa Richards Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Kelly C. Hunsaker
KHunsaker@winston.com
Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Eimeric Reig-Plessis
EReigPlessis@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

8

*ATTORNEYS FOR PALO ALTO NETWORKS, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 25, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay

9